JOHN LINEBAUGH KNUPPEL, Plaintiff-Appellant, v. JOHN F. ADAMS et al., Defendants-Appellees.

(No. 73-1;

Third District—July 3, 1973.

Robert H. Brunsman, of Springfield, for appellant.

Robert L. Welch, State's Attorney, of Virginia, and Walter J. Sebo, of Canton, for appellees.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The State Electoral Board declared the plaintiff, John Linebaugh Knuppel, elected to the office of State Senator from the 48th Legislative

District of Illinois by virtue of having received 41,080 votes against 40,-743 votes for John F. Adams, his opponent at the November 7th, 1972 election. A certificate of election was thereupon issued to the plaintiff. The defendant, John F. Adams, then filed instruments alleged to be petitions for discovery in certain precincts of five counties in the eight-county senatorial district. Plaintiff filed a complaint against the defendant Adams together with the county clerks of all of the counties in the senatorial district, seeking a permanent injunction and moving for a temporary restraining order to enjoin the discovery of ballots.

The complaint and motion are substantially based on allegations that the petitions for discovery are insufficient and do not comply with the statute (Ill. Rev. Stat. 1971, ch. 46, par. 22—9.1); and further that the statute in limiting discovery recounts to precincts using paper ballots and in failing to provide the same rights, procedures and remedies to a declared successful candidate as are provided to an unsuccessful candidate violates the due process and equal protection clauses of both the Illinois Constitution of 1970 and the United States Constitution. Plaintiff alleges irreparable damage unless the recount is enjoined.

The discovery recounts were set for December 13th, 19th, 20th, 21st and 26th, 1972. On December 11th, 1972, a temporary restraining order was entered pursuant to the request of the motion. On December 18th, 1972, defendant Adams moved to dissolve the temporary restraining order and on the same day plaintiff moved for a temporary injunction. The court set a hearing date for December 21st, 1972, at which time it denied the temporary injunction motion, confirmed that the temporary restraining order was at an end, and set an appeal bond. A motion for stay of enforcement was subsequently filed and denied and this interlocutory appeal followed.

Presumably the discovery recounts in question have already taken place. Defendants have not filed an answering brief in this court, but have advised us that in their view the question is moot "for the Senate of the State of Illinois has directed a recount be had and the discovery proceedings involved in the case would not be used." The plaintiff has answered that it is his position that the case is still a justiciable matter inasmuch as there are eight counties included in the legislative district, and stating "while recount appears to have been determined to be ordered in four of the counties, we believe the matter should be decided by the Court."

Although plaintiff's answer has not persuaded us that affording him the requested relief of reversing the trial court would serve, at this point in time, a useful purpose, the appeal of the denial of the temporary injunction will not be dismissed as moot as an issue of substantial public

importance meriting some analysis is involved. (*Wachta v. Pollution Control Board* (1972), 8 Ill.App.3d 436, 437.) For reasons which we shall discuss, we have concluded that the trial court properly denied the requested temporary injunction.

■■ First, without discussing in detail the defects which plaintiff claims exist in defendant's petitions for discovery recount, it is clear to us that the technical defects alleged and argued on appeal are not jurisdictional. The petitions were apparently timely filed and sufficiently inform the clerks of what is requested. The defects complained of here do not relate to any mandatory requirements of the statute. (*Cf. Whitley v. Frazier* (1961), 21 Ill.2d 292; *Bethard v. Mink* (1971), 131 Ill.App.2d 1007.) A reading of section 22—9.1 of the Election Code (Ill. Rev. Stat. 1971, ch. 46, par. 22—9.1) indicates that obtaining discovery should be a relatively non-technical procedure. (*Compare* par. 22—9.1 *with* par. 23—20 of Ill. Rev. Stat. 1971, ch. 46.) Thus enjoining the discovery recount on the basis of the form of defendant Adams' petitions would be improper, since no irreparable harm to the plaintiff can accrue by reason of technical defects in the petitions in question.

■■ Second, in order to obtain temporary injunctive relief, plaintiff must allege some irreparable harm if the status quo is not preserved. (*County of Du Page v. Robinette* (1966), 77 Ill.App.2d 167, 170.) In none of his pleadings does plaintiff state in particular terms and in what manner he will be irreparably harmed if a temporary injunction is not granted. Nor does a reading of the discovery statute in question reveal how plaintiff will suffer, since he is entitled to be present at the discovery recounts, the discovery cannot affect the results of the canvass, and the recount is not binding in an election contest. (Ill. Rev. Stat. 1971, ch. 46, par. 22—9.1.) The mere conclusionary language in the pleadings that plaintiff will be irreparably harmed is therefore insufficient. *Delta Die Casting Co. v. Village of Schiller Park* (1958), 17 Ill.App.2d 543, 546.

■■ Third, a temporary injunction should not be granted where it has the effect of giving to the plaintiff all the relief which could be obtained by a final decree. (*City of Monmouth v. Payes* (1963), 39 Ill. App.2d 32, 40-42.) Defendant Adams would want to know the results of his discovery recounts before the time for initiating an election contest had expired (Ill. Rev. Stat. 1971, ch. 46, par. 23—13 (30 days)), so he could determine whether sufficient grounds exist for initiating such a contest. Granting plaintiff a temporary injunction would, in effect, destroy the usefulness of defendant Adams' statutory right to discovery before a hearing on the merits of plaintiff's complaint.

The challenge to the constitutionality of the discovery statute, while raising substantial questions of interpretation and public policy, is not

ripe for decision in this appeal. The gist of the constitutional issue is not so much that the statute by its terms allows discovery only to an unsuccessful candidate, but that once involved in an election contest the winner declared by the Canvassing Board may be unable to obtain recounts in uncounted precincts because he cannot specify that substantial errors will be revealed in the ballots which have not been subject to the discovery procedures (barring an independent basis for that conclusion). In effect, the claim is not that the inexpensive and informal discovery procedure allowed under section 22—9.1 operating by itself is inequitable (it may in fact benefit the successful candidate by revealing favorable errors), but that there may be circumstances in the election contest procedures as a whole when the successful candidate may be prejudiced if he cannot obtain recounts in areas not specified by his opponent because he could not conduct discovery there which could possibly outweigh any losses suffered in the specified areas. *Cf.* situation in *Louden v. Thompson* (1971), 1 Ill.App.3d 809.

Plaintiff therefore would have the enjoining court assume that the discovery recount turns up evidence which on balance is favorable to the defendant; that on the basis of such discovery the defendant initiates an election contest; that plaintiff then loses the contest on the basis of discovery evidence; and that all the precincts are not counted. Unless all these contingencies occur, affording only the unsuccessful candidates a discovery recount will not prejudice the candidates declared successful by the Canvassing Board. (See, *e.g.*, *Crum v. Green* (1966), 68 Ill.App.2d 246, 247—248.) Moreover, plaintiff's theory of unconstitutionality assumes that plaintiff's ability to obtain further formal recounts in the election contest (cf. Ill. Rev. Stat. 1971, ch. 46, par. 23—23) will be interpreted in a manner which will result in his unequal protection. And further it assumes that the resolution of the contest in the Senate (as provided under Ill. Rev. Stat. 1971, ch. 46, par. 23—2) will be on the basis of procedures similar to those afforded under section 23—23 of the Election Code (Ill. Rev. Stat. 1971, ch. 46, par. 23—23), rather than by the rules of the Senate, which are not before us.

■■■ A temporary injunction should not issue on the basis of a statute alleged to be unconstitutional unless such unconstitutionality appears clearly on the face of the statute. Statutes are presumed constitutional and courts are to exercise caution in issuing preliminary injunctions especially where defendant seeks to exercise a legal right. (*Chicago Motor Coach Co. v. Budd* (1952), 346 Ill.App. 385, 396.) Plaintiff assumes that now is the only time to attack the constitutionality of the discovery statute by means of the drastic remedy of temporary injunction. However, a court will not anticipate constitutional questions and

the inconvenience of postponement of decision will not disturb that determination. (*People v. Illinois Protestant Children's Home* (1965), 33 Ill.2d 60, 65.) And a court will not discuss the constitutionality of a provision of an act where the party urging the invalidity of such provision is not in any way aggrieved by its operation. (*Crum v. Green* (1966), 68 Ill.App.2d 246, 248; *People v. Illinois Protestant Children's Home* (1965), 33 Ill.2d 60, 65; *People v. Diekmann* (1918), 285 Ill. 97, 101.) Plaintiff at the time he sought the injunction would in no way be harmed by the operation of the alleged unconstitutional discovery statute. The question therefore, in our view, is not ripe for a decision on the merits.

To the extent that the appeal is based upon alleged irregularities in the discovery petition, plaintiff's argument is without merit. As to the constitutional issue raised, while we concede that the issue is a substantial one and perhaps should be resolved at the proper time and upon proper pleadings, the circumstances here do not present an appropriate case in which to decide the constitutional issue directly on its merits. For the reasons indicated, we hold the trial court properly denied issuance of the temporary injunction.

We therefore affirm.

Judgment affirmed.

GUILD, P. J., and T. MORAN, J., concur.