GLEN ELLYN SAVINGS AND LOAN ASSOCIATION *et al.*, Plaintiffs-Appellees, *v.* A. T. TSOUMAS, Director, Illinois Department of Financial Institutions, Defendant-Appellant.

Fourth District   No. 13810

Opinion filed August 26, 1976.

William J. Scott, Attorney General, of Chicago (Imelda R. Terrazino, Assistant Attorney General, of counsel), for appellees.

Giffin, Winning, Lindner, Newkirk, Cohen, Bodewes & Narmont, of Springfield, and Donald E. Tolva, of Chicago (James M. Winning, of counsel), for appellant.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This case is here upon an interlocutory appeal from an order of the circuit court of Sangamon County granting a preliminary injunction against defendant Director of the Illinois Department of Financial Institutions restraining the enforcement or attempted enforcement of the Financial Institutions Disclosure Act (Ill. Rev. Stat. 1975, ch. 95, par. 201 *et seq.*). We reverse, and remand with directions.

On March 4, 1976, plaintiffs Glen Ellyn Savings and Loan Association and The Illinois Savings and Loan League, individually and on behalf of all its members, filed a complaint for injunctive and declaratory relief.

Plaintiffs sought a declaratory judgment that the Financial Institutions Disclosure Act (Act) is unconstitutional or void; that the Act is inapplicable and unenforceable as to financial institutions operating in the State of Illinois which are organized under the laws of the United States; and that the regulations and directives issued by the Department of Financial Institutions are unconstitutional or void. Plaintiffs also sought a preliminary injunction to restrain enforcement of the Act and the regulations and directives promulgated pursuant thereto against all savings and loan associations operating within the State of Illinois. An amended complaint was filed April 9, 1976, adding The Millikin National Bank of Decatur and The Illinois Bankers Association, individually and on behalf of its member banking institutions, as parties plaintiff.

A preliminary injunction was granted and issued April 22, 1976. The order restrained defendant from enforcing the provisions of the Act and any regulations, instructions, information or reporting forms issued pursuant thereto to the extent that they purport to be applicable to banks or savings and loan associations organized under the laws of the United States; to the extent they purport to require any bank or savings and loan association organized under the laws of the State of Illinois to report applications for residential mortgage loans taken or received prior to October 1, 1975, or residential mortgage loans effected prior to October 1, 1975; and to the extent that they purport to require any bank or savings and loan association organized under the laws of the State of Illinois to report applications for residential mortgage loans taken or received after October 1, 1975, or residential mortgage loans effected after October 1, 1975, at any time other than within 60 days following the close of the fiscal year of said institution following January 1, 1976, or within 60 days following a date six months after the close of such fiscal year.

Defendant appeals, contending that the preliminary injunction was not properly granted and that The Illinois Savings and Loan League and The Illinois Bankers Association lack standing to sue.

■■ The rule in Illinois is that a reviewing court will not reach the merits of this kind of interlocutory appeal, the sole justiciable issue being whether the trial court properly granted the preliminary injunction. The appellant is permitted, however, to ask the reviewing court to determine not only whether the trial court had the discretionary right to issue the preliminary injunction, but also to consider whether the complaint upon which the preliminary injunction issued was sufficient to sustain such injunction. (*Alfred Engineering, Inc. v. Illinois Fair Employment Practices Com.* (1974), 19 Ill. App. 3d 592, 599-600, 312 N.E.2d 61, 67.) It is incumbent upon plaintiffs to allege in particular terms some irreparable injury. (*Knuppel v. Adams* (1973), 12 Ill. App. 3d 708, 711, 298 N.E.2d 767, 769.) Moreover, to support a preliminary injunction, plaintiffs must

establish both irreparable injury and likelihood of success on the merits. (*Wessel Co. v. Busa* (1975), 28 Ill. App. 3d 686, 690, 329 N.E.2d 414, 417.) Because we conclude that plaintiffs have failed to establish the former, we need not reach a resolution of the latter.

The instant complaint states that, "for reasons hereinafter set forth," plaintiffs will sustain irreparable injury and damage unless defendant is enjoined and restrained from enforcing the provisions of the Act and the regulations and directives issued pursuant thereto. Following that allegation the complaint recites that the Act is unconstitutional or void in that it violates the provisions of the United States and Illinois constitutions prohibiting ex post facto laws or any laws impairing the obligations of contract; and in that it violates the due process and equal protection clauses of the fourteenth amendment of the United States Constitution by requiring financial institutions operating in Illinois to file statistical information statements based on census tracts when census tracts are not provided for all counties covered by the Act, while imposing "severe criminal penalties" for noncompliance. The complaint further alleges that the regulations and directives promulgated pursuant to the Act are unconstitutional or void in that they exceed the authority delegated to defendant by the Act; and in that they attempt to impose the provisions of the Act upon financial institutions organized and existing under the laws of the United States, the regulation of which has been preempted by Federal law.

■■ The only allegation which amounts to the assertion of immediate and irreparable harm is that suggesting the threat of "severe criminal penalties" for noncompliance with the Act. The Act, however, limits the criminal penalty for noncompliance with the filing requirement to a fine. The mere availability of such penalty, under the circumstances of this case, does not constitute irreparable injury. Upon this issue we note, moreover, that plaintiff is seeking a pre-enforcement judicial determination of the rules and regulations of an administrative agency. This case does not arise in the context of a party defending against an administrative agency attempting to impose the penalty provisions of a law; rather, it arises prior to any enforcement of the penalty provisions on the party of the agency. Upon the facts before us, we further conclude that the feared injury is prospective in nature and is neither severe nor immediate. As such, the impact of the defendant's rules and regulations does not warrant the pre-enforcement relief sought. (*Alfred Engineering.*) Plaintiffs' remaining allegations involve issues constitutional in nature, none of which are pertinent to the propriety of the issuance of a preliminary injunction.

■■ On the issue of standing, the rule is that an unincorporated association may not bring suit in its own name. (*Technical Engineers*

*Local 144 v. La Jeunesse* (1976), 63 Ill. 2d 263, 347 N.E.2d 712.) The complaint states that while plaintiff Illinois Savings and Loan League is organized pursuant to the General Not For Profit Corporation Act, plaintiff Illinois Bankers Association is unincorporated. Plaintiff Illinois Bankers Association is therefore not a proper party to this suit. As to plaintiff Illinois Savings and Loan League, we conclude that it does not have such a direct, immediate interest in this litigation as to give it standing to sue in the matter. The complaint fails to allege any manner in which The Illinois Bankers Association is affected by the Act. The Act is directed to individual financial institutions only. The Illinois Bankers Association is not obligated to comply with the provisions of the Act; nor is it subject to any penalty for failure to comply. We therefore conclude that neither The Illinois Savings and Loan League nor The Illinois Bankers Association is a proper party to this litigation.

For the reasons herein stated, the order of the circuit court is reversed and the cause remanded with directions to dissolve the temporary injunction and for further proceedings consistent with the views herein expressed. This court granted a stay of the trial court order under review. Inasmuch as we now reverse that order, we need not pass upon the motion to vacate the stay.

Reversed and remanded with directions.

TRAPP, P. J., and SIMKINS, J., concur.