MARY T. MINGARE *et al.*, Plaintiffs-Appellants, *v.* ROBERT DeVITO, Director of the Department of Mental Health and Developmental Disabilities, *et al.*, Defendants-Appellees.

First District (1st Division)    No. 78-1075

Opinion filed December 18, 1978.

John C. Mullen, Ltd., of Chicago (Thomas A. Clancy, of counsel), for appellants.

William J. Scott, Attorney General, of Chicago (Myra Turner, Assistant Attorney General, of counsel), for appellees.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiffs Mary T. Mingare and Marguerite Schumann appeal from a lower court order dismissing their complaint. The complaint sought to enjoin defendants Robert DeVito, Director of the Department of Mental Health and Developmental Disabilities, and Joan Anderson, Director of the Department of Registration and Education, from dismissing all of its limited licensed doctors. On a motion by defendants, the trial court dismissed the plaintiffs' complaint as fatally defective for failure to establish that irreparable harm would result if the preliminary injunction were not granted. Plaintiffs appealed.

On appeal, plaintiffs argue that the trial court erred in dismissing their complaint for failure to establish irreparable harm.

We affirm.

Plaintiffs Mary T. Mingare and Marguerite Schumann are patients in State mental institutions. On March 1, 1978, the Department of Mental Health and Developmental Disabilities dismissed one third of its staff doctors when their temporary licenses expired. Thereafter, plaintiffs filed suit to enjoin defendants from dismissing these doctors.

Defendants filed a motion to dismiss which the trial court granted. In granting the motion, the trial court noted that plaintiffs failed to allege that any patient had sustained an injury as a result of the dismissals. The trial court found plaintiffs' claim that medical care "must suffer" as a result of the dismissals insufficient to establish that irreparable harm would result if the preliminary injunction were not granted. Plaintiffs appealed.

The sole contention on appeal is whether the complaint for injunctive relief was fatally defective since it failed to allege injuries to plaintiffs or patients, thereby failing to establish irreparable harm. We agree with the trial court and find that the complaint was fatally defective.

■■ In determining whether a preliminary injunction should have been granted, a reviewing court may consider the sufficiency of the complaint.

(*Whitaker v. Pierce* (1976), 44 Ill. App. 3d 148, 358 N.E.2d 61.) Preliminary injunctions are not granted as a matter of right and in order for plaintiff to prevail, both irreparable injury and the likelihood of success on the merits must be established. (*Glen Ellyn Savings & Loan Association v. Tsoumas* (1976), 41 Ill. App. 3d 292, 354 N.E.2d 53.) Failure to establish the former obviates the need to consider the latter. *Glen Ellyn Savings & Loan Association v. Tsoumas.*

In the instant case, plaintiffs have failed to establish irreparable injury. They cite section 7 of "An Act codifying the powers and duties of the Department of Mental Health and Developmental Disabilities" (Ill. Rev. Stat. 1975, ch. 91½, par. 100—7) which sets forth the high standard of care required for persons under the supervision of the Department of Health. However, their complaint does not allege any violation of this standard. Paragraph 10 of the complaint states:

> "That the medical care for the plaintiffs must suffer as the logical result of the drastic and dangerous reduction of the number of persons capable of extending care."

The allegation is conjectural at best. It does not allege injury to any person, nor does it allege that plaintiffs or any other patients for that matter, are receiving inadequate medical care.

Plaintiffs cite *Fink v. Board of Trustees* (1966), 71 Ill. App. 2d 276, 218 N.E.2d 240, for the proposition that a court of equity need not wait until an injury occurs before granting a preliminary injunction. That case is distinguishable from the present case. In *Fink*, plaintiffs sued to enjoin the defendant from discharging sewage into a stream that flowed through plaintiff's property. The court stated equity may enjoin a threatened or anticipated nuisance

> "* * * where it clearly appears that a nuisance *will necessarily result* from the contemplated act or thing which it is sought to enjoin. This is particularly true where the proof shows that the apprehension of material injury is well grounded upon a state of facts from which it appears that the *danger is real and immediate.*"

(Emphasis added.) 71 Ill. App. 2d 276, 281-82.

In *Fink* a real and immediate danger was shown in that the effluent discharged into the stream polluted it and decreased the value of plaintiff's land. Further, there existed an alternative available to the defendant for the discharge of the effluent. Here, plaintiffs' statement that "* * * plaintiffs' [medical care] must suffer as a logical result of the * * * reduction" does not show real and immediate danger. The statement is completely conjectural and plaintiffs' mere allegation that two doctors could testify that medical care at two facilities is inadequate does not cure the defect. A complaint for a preliminary injunction must allege in particular terms the manner in which plaintiff will be injured. (*Knuppel v.*

*Adams* (1973), 12 Ill. App. 3d 708, 298 N.E.2d 767.) This was not done here and the trial court properly dismissed plaintiffs' complaint.

For the foregoing reasons, the order of the circuit court of Cook County is affirmed.

Judgment affirmed.

O'CONNOR and BUCKLEY,* JJ., concur.

---

* Justice Buckley participated in this decision while assigned to the Illinois Appellate Court, First District.