EARTHLINE CORPORATION, Plaintiff-Appellee and Cross-Appellant, *v.* MICHAEL MAUZY, Acting Director, Illinois Environmental Protection Agency, Defendant-Appellant and Cross-Appellee.

Fourth District   No. 15201

Opinion filed February 7, 1979.

William J. Scott, Attorney General, of Springfield (Howard W. Feldman, Assistant Attorney General, of counsel), for appellant.

Mohan, Alewelt & Prillaman, of Springfield, for appellee.

Mr. JUSTICE GREEN delivered the opinion of the court:

Defendant Michael Mauzy, Acting Director, Illinois Environmental Protection Agency (EPA), appeals from a preliminary injunction granted at the request of plaintiff Earthline Corporation prohibiting Mauzy,

*pendente lite*, from disclosing to defendant William J. Scott, Attorney General, any of 450 supplemental permits for the dumping of industrial waste at plaintiff's landfill at Wilsonville, Illinois. Plaintiff cross appeals from the denial of a preliminary injunction as to the defendant Attorney General. Plaintiff's request for preliminary relief was ancillary to a complaint requesting permanent relief along the same lines.

■■ ■ The general rule is that a party seeking a preliminary injunction must show that: (1) it has no adequate remedy at law; (2) a substantial likelihood of its success on the merits exists; (3) it is subject to immediate, irreparable injury; and (4) in the absence of preliminary relief, it will incur greater injury than would be received by the objectors if the relief were granted (*Kable Printing Co. v. Mount Morris Bookbinders Union Local 65-B* (1976), 63 Ill. 2d 514, 349 N.E.2d 36). In *C. G. Caster Co. v. Regan* (1976), 43 Ill. App. 3d 663, 357 N.E.2d 162, in reversing an order denying a preliminary injunction, the court stated that the requirement for a showing of a substantial likelihood of success is met if the petitioner shows that a fair question as to the basis for permanent relief exists and the court deems that the relief will probably be granted.

Defendant Mauzy asserts here that the likelihood of plaintiff's success upon the merits of its complaint was not shown because (1) the information in the supplemental permits was not confidential, (2) sections 7(b)(ii) and 7.1(a) of the Environmental Protection Act (Ill. Rev. Stat. 1977, ch. 111½, pars. 1007(b)(ii) and 1007.1(a)) permit disclosure of the information in the permits to the Attorney General, and (3) plaintiff lacks standing to sue.

Section 7(a) of the Environmental Protection Act (Ill. Rev. Stat. 1977, ch. 111½, par. 1007(a)) states:

"All files, records, and data of the Agency, the Board, and the Institute shall be open to reasonable public inspection and may be copied upon payment of the actual cost of reproducing the original except for the following:

(i) information which constitutes a trade secret;

\* \* \*

(iv) information concerning secret manufacturing processes or confidential data submitted by any person under this Act."

Section 3(q) of the Act (Ill. Rev. Stat. 1977, ch. 111½, par. 1003(q)) defines a trade secret as,

"[T]he whole or any portion or phase of any scientific or technical information, design, process including a manufacturing process, procedure, formula or improvement, or business plan which is secret in that it has not been published or disseminated or otherwise become a matter of general public knowledge, and which has competitive value. A trade secret is presumed to be

secret when the owner thereof takes reasonable measures to prevent it from becoming available to persons other than those selected by the owner to have access thereto for limited purposes."

Plaintiff's first amended complaint, paragraph 12, which was admitted by defendant's answer, states that the supplemental permits sought by the Attorney General disclose,

"among other things, the identity of the generator of the waste sought to be disposed, the identity of the location from which the waste is generated, and a chemical description of the subject waste."

In connection with these allegations, it is significant to note that section 7(d) of the Act states:

"Notwithstanding subsection (a) above, the identity of substances being deposited in landfills may under no circumstances be kept confidential." Ill. Rev. Stat. 1977, ch. 111½, par. 1007(d).

We need not decide whether a sufficient showing was made that the supplemental permits likely contained trade secrets, however, because we conclude that the Act clearly provides that EPA may confidentially disclose to the Attorney General, information filed with the agency even though that information contains trade secrets. For the same reason we need not address the issue of plaintiff's standing to sue. Section 7.1(a) of the Act states:

"All articles representing a trade secret reported to or otherwise obtained by the [Environmental Protection] Agency, the [Pollution Control] Board or the [Illinois] Institute [for Environmental Quality] in connection with any examination, inspection or proceeding under this Act, shall be considered confidential and shall not be disclosed, except that such articles may be disclosed confidentially to other officers or employees concerned with carrying out this Act or when relevant to any proceeding under this Act." Ill. Rev. Stat. 1977, ch. 111½, par. 1007.1(a).

The entities listed in section 7.1(a) are all "concerned with carrying out" the Act. Those entities act only through their officers and employees who are thus "concerned with carrying out" the Act. The word "other" would thus be redundant if it referred only to the officers and employees of the listed groups. The Attorney General is the appropriate officer to bring actions on behalf of EPA (*People ex rel. Scott v. Briceland* (1976), 65 Ill. 2d 485, 359 N.E.2d 149). The tenor of section 7.1(a) is that the information covered by the provision is usable in the enforcement of the Act. Logically, an agency having responsibility to use information within its knowledge for enforcement purposes would be expected to be able to give that information to the constitutional officer entrusted with bringing

enforcement proceedings. It is notable that section 7.1(a) merely permits dissemination of the information but does not require it and that the officer or employee who receives the information takes it subject to the same confidentiality requirements placed upon the one who discloses the information.

■■ Plaintiff points out that section 7(b)(ii) of the Act states that information submitted concerning persons subject to certain Federal regulatory permit requirements "may be disclosed or transmitted to other officers, employees, or authorized representatives of this State or of the United States concerned with or for the purpose of carrying out this Act." Plaintiff maintains that under the rule in *Chapman v. County of Will* (1973), 55 Ill. 2d 524, 304 N.E.2d 287, words used more than once in a statute are presumed to have the same meaning throughout the statute and the words "officers or employees" should have the same meaning in sections 7.1(a) and 7(b)(ii). Plaintiff argues that if the words "other officers and employees" as used in section 7.1(a) include officers and employees other than those of the stated entities, the words "of the State" as appearing in section 7(b)(ii) would be unnecessary because "authorized representative of this State" concerned with the Act would already be included in the phrase "other officers or employees." However, section 7(b) concerns federally issued permits and separate reference to both the State and Federal governments was logical to show that disclosure of information involved in those permits might be made to appropriate officers, employees and representatives of both governments.

■ We hold that section 7.1(a) permits disclosure by EPA of the instant supplemental permits to the Attorney General subject to the requirements of confidentiality set forth in that section.

Plaintiff contends that because of the failure of the Pollution Control Board to follow the mandate of section 7.1(b) of the Act (Ill. Rev. Stat. 1977, ch. 111½, par. 1007.1(b)) to adopt rules establishing procedures to protect the confidentiality required by section 7.1(a), any disclosure to the Attorney General of information constituting a trade secret would deprive it of due process. It relies on *Polaroid Corp. v. Costle* (D. Mass. 1978), 11 ERC 2134. There a preliminary injunction was granted restraining a Federal agency from disclosing to other agencies information which plaintiff had been required to furnish pursuant to a law which required manufacturers to list all of the chemicals which they used. Rules to protect the confidentiality of trade secrets were required by the legislation requiring the listing and were in the process of formulation but had not been adopted by the appropriate Federal agency. The injunction was to remain in force until the rules were adopted. The court reasoned that the trade secrets were property and disclosure in the absence of rules

would deprive the possessor of the secrets of property without due process of law.

Here, no rules have been adopted either. However, the *Costle* court relied upon the fact that the plaintiff there was not engaged in a business traditionally licensed and therefore could not be said to have volunteered the information. Here, the business in question is, in effect, licensed and the documents sought to be disclosed are permits containing information voluntarily given in order to obtain the permit.

■■ We recognize that certain discretion is given a trial court in determining whether to grant a preliminary injunction. We recognize the time pressures on the trial judge in this case and the complexities of the problems involved. With the benefit of the hindsight time has given us, we conclude that there is no reasonable likelihood of success by the plaintiff on the question of whether the EPA may furnish the requested information to the Attorney General even if it does contain trade secrets.

For the reasons stated, we reverse and remand the case to the circuit court of Sangamon County for further proceedings.

Reversed and remanded.

MILLS and TRAPP, JJ., concur.