DOCK CLUB, INC., d/b/a The N'ferno, Plaintiff-Appellee, *v.* ILLINOIS LIQUOR CONTROL COMMISSION, Defendant-Appellant.

Fourth District   No. 16117

Opinion filed May 7, 1980.

William J. Scott, Attorney General, of Chicago (Patricia Rosen, Assistant Attorney General, of counsel), for appellant.

Thomas J. Immel, of Burditt, Calkins and Immel, of Springfield, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This is an interlocutory appeal pursuant to Supreme Court Rule 307 (73 Ill. 2d R. 307) from the issuance of a temporary injunction by the circuit court of Sangamon County. Since no hearing was held on the matter, the factual background, which does not appear to be in dispute, must be gleaned from the common law record and the briefs of the parties.

Plaintiff operates a dramshop in Springfield and from time to time holds what are called "ladies' nights." These are special occasions during which female patrons are allowed to purchase alcoholic beverages at reduced prices. Plaintiff holds a license from the Illinois Liquor Control Commission.

Apparently there had been some correspondence between counsel for plaintiff and the executive director of defendant concerning the legality of ladies' nights. This correspondence arose out of the respective

interpretations of the parties of section 12b of article XVI the Dramshop Act which provides:

> "No licensee licensed under the provisions of this Act shall deny or permit his agents and employees to deny any person the full and equal enjoyment of the accommodations, advantages, facilities and privileges of any premises in which alcoholic liquors are authorized to be sold subject only to the conditions and limitations established by law and applicable alike to all citizens." Ill. Rev. Stat. 1977, ch. 43, par. 133.

Plaintiff had requested defendant's executive director to seek an opinion of the Attorney General of the legality of ladies' nights and on November 19, 1979, received a reply stating that such an opinion would not be sought and further stating:

> "Licensees who persist in featuring 'ladies nights' or other such functions where certain patrons are allowed to purchase drinks at a reduced price [sic] are subject to citation action to fine them or suspend or revoke their licenses."

On December 5, 1979, plaintiff filed an action for declaratory judgment (Ill. Rev. Stat. 1977, ch. 110, par. 57.1) in the circuit court of Sangamon County. The prayer for relief in that action asked three things: (1) That the court declare that ladies' nights do not violate section 12b of the Dramshop Act; (2) that a temporary restraining order issue restraining the defendant from an enforcement proceedings on account of ladies' nights during the pendency of the declaratory judgment action; and (3) a permanent injunction enjoining the defendant from initiating any enforcement proceedings against plaintiff on account of ladies' nights.

On January 18, 1980, defendant issued a citation and notice of hearing on plaintiff. The citation set forth various dates on which ladies' nights were held by plaintiff and alleged that these were in violation of section 12b of the Dramshop Act. The notice set January 30, 1980, as the date for hearing on the citation before the Illinois Liquor Control Commission.

On January 21, 1980, plaintiff parried by filing a motion in the circuit court of Sangamon County for a temporary injunction restraining defendant from pursuing the citation proceedings. On the same date the circuit court allowed the motion. As stated above, no evidence was taken but the court made a lengthy docket entry which recited in substance that there was a declaratory judgment proceeding pending in the court which was filed prior to the citation and that both of them involved the same issues. The court reasoned that there should not be two suits proceeding at the same time and concluded the docket entry by saying "* * * The court is therefore of the opinion that it would be futile to proceed before the Liquor Control Commission." The latter remark was apparently

prompted by the letter from the executive director of the defendant, a copy of which was attached as an exhibit to the complaint for declaratory judgment, and an excerpt from which is recited above.

Defendant has appealed the issuance of the temporary injunction on two grounds: (1) Plaintiff has failed to exhaust its administrative remedies, and (2) plaintiff has failed to make the requisite showings for an injunction. We agree with defendant and reverse.

Plaintiff's argument in substance is that it had no remedy except declaratory judgment; that there was no way for it to test out the interpretation of section 12b of the Dramshop Act except to wait to be cited for violation; and that the hearing on the citation would be meaningless since the Illinois Liquor Control Commission had already made up its mind on the matter, as evidenced by the letter from its executive director.

■■ We do not view the letter so broadly. It states, albeit very affirmatively, that licensees will be subject to citation but it does not state that all citation proceedings will be resolved in favor of the Commission and against the licensees. While the tone is peremptory, it is no more so than that of any other administrative tribunal which sits as both prosecutor and trier of fact. At the citation proceeding, plaintiff can present all the same arguments which could have been presented to the circuit court and in the event of an unfavorable ruling by the Commission can present them again under the Administrative Review Act (Ill. Rev. Stat. 1977, ch. 110, par. 264 *et seq.*) to the circuit court which is empowered to stay the administrative decision (Ill. Rev. Stat. 1977, ch. 110, par. 275(1)(a)).

■■ It is well-settled law in this State that where administrative remedies are available, they must be exhausted before one can seek judicial review. (*Illinois Bell Telephone Co. v. Allphin* (1975), 60 Ill. 2d 350, 326 N.E.2d 737.) The exhaustion doctrine allows full development of the facts before the administrative tribunal and allows the administrative agency to bring its expertise to bear. (*Illinois Bell Telephone Co.*) All of this is of great assistance to a court, if called upon to review the record.

It is also well-settled law that even though there are clear indications that the administrative agency will rule adversely, this fact alone can be, but generally will not be, sufficient to abort the administrative process. This is sometimes called the futility doctrine and is most commonly found when there is a facial attack upon the validity of an administrative order or regulation. It stands as an exception to the exhaustion doctrine but is limited to the factual situation presented on a case-by-case basis.

The general rule is found in *Bank of Lyons v. County of Cook* (1958), 13 Ill. 2d 493, 150 N.E.2d 97. In that case the plaintiff sought to void a zoning ordinance as it applied to its land. However, it never filed a

petition, apparently because it had received information that the zoning board had established a policy of refusing any further rezonings for the purpose sought by the plaintiff. The supreme court said:

> "The necessity for making application before the board is not dispensed with because the application may be denied. The rule requiring resort to an administrative agency in the first instance is in the interest of orderly procedure. It cannot be avoided by evidence of an intent to deny the relief sought." (13 Ill.2d 493, 497, 150 N.E.2d 97, 99.)

Accord, *Northwestern University v. City of Evanston* (1978), 74 Ill. 2d 80, 383 N.E.2d 964; *Foster v. Allphin* (1976), 42 Ill. App. 3d 871, 356 N.E.2d 963.

■ Plaintiff points out that the instant case differs from *Bank of Lyons*, *Northwestern*, and *Foster* in that here it had no remedy other than to wait for the axe to fall via the citation proceeding, while the other cases were petitioning situations with the initiative lying with the plaintiffs. Plaintiff further points out that the only controversy to be settled was one of law, while the cited cases involved matters of both fact and law. We are not persuaded that either contention is sufficient to take the instant case out from under the general rule.

Being the judas-goat is never an enviable position for one wishing to test the validity of a law, but the position is not unknown. In *People v. Ryan* (1964), 30 Ill. 2d 456, 197 N.E.2d 15, a distinguished trial lawyer permitted himself to be held in contempt in order to test discovery procedures. In *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6, a distinguished trial judge invited a *mandamus* suit on himself for the same purpose.

The further argument is likewise without merit. In *People ex rel. United Motor Coach Co. v. Carpentier* (1959), 17 Ill. 2d 303, 306, 161 N.E.2d 97, 98, the supreme court pointed out that administrative hearings are intended as the first step "in resolving not only disputed questions of fact, but also nonfactual disputes of law and interpretation of policy."

To adopt plaintiff's theories in the instant case would be to condone a race to the courthouse and to undermine severely the authority of the Illinois Liquor Control Commission. Its policing powers could be entirely thwarted by the filing of a declaratory judgment action, a result quite clearly not intended by the legislature.

We have reviewed at some length the purported merits of plaintiff's claims before proceeding to the immediate question posed by this appeal, *viz.*, the propriety of the temporary injunction. This was necessitated by the close interrelationship of the relief asked in plaintiff's complaint, *i.e.*, declaratory judgment and injunctive relief, and also to test some of the requirements for injunction. As noted above, there was no evidentiary

hearing. In *Glen Ellyn Savings & Loan Association v. Tsoumas* (1976), 41 Ill. App. 3d 292, 354 N.E.2d 53, this court said:

> "The rule in Illinois is that a reviewing court will not reach the merits of this kind of interlocutory appeal, the sole justiciable issue being whether the trial court properly granted the preliminary injunction. The appellant is permitted, however, to ask the reviewing court to determine not only whether the trial court had the discretionary right to issue the preliminary injunction, but also to consider whether the complaint upon which the preliminary injunction issued was sufficient to sustain such injunction. [Citation.] It is incumbent upon plaintiffs to allege in particular terms some irreparable injury." 41 Ill. App. 3d 292, 294, 354 N.E.2d 53, 55.

The "particular terms" are notably absent here. The record contains only a skeletonized motion by plaintiff asking for the preliminary injunction. It recites issuance of the citation and notice of hearing, as detailed above, and alleges that the defendant will not be prejudiced by holding the citation proceedings in abeyance and further alleges that the plaintiff has no adequate remedy at law.

The requirements for a preliminary injunction have been stated so often that little repetition is needed here. Briefly, the plaintiff must show: (1) that he possesses a clearly ascertained right which needs protection; (2) that he will suffer irreparable injury; (3) that there is no adequate remedy at law; (4) that there is a substantial likelihood of success on the merits; and (5) that in the absence of preliminary relief plaintiff will suffer a greater injury than will the defendant if relief is granted. *Earthline Corp. v. Mauzy* (1979), 68 Ill. App. 3d 304, 385 N.E.2d 928.

As the earlier part of this opinion has held in dealing with plaintiff's underlying claim, there is no likelihood of success on the merits. Further, plaintiff does have an adequate remedy at law, to-wit, administrative review. Since two of the five fundamental requirements are lacking, we will not prolong this opinion by discussing the other three.

For the foregoing reasons, the order of the circuit court of Sangamon County issuing a preliminary injunction is reversed.

Since we have held that the relief sought in the complaint for declaratory judgment cannot be obtained in this cause in the existing posture of the facts, no good could be accomplished by a remandment except for the limited purpose of ordering a dismissal of the complaint. This we have determined to do. *Alfred Engineering, Inc. v. Illinois Fair Employment Practices Com.* (1974), 19 Ill. App. 3d 592, 312 N.E.2d 61.

Reversed and remanded.

TRAPP and GREEN, JJ., concur.