THE PEOPLE *ex rel.* TYRONE C. FAHNER, Attorney General, Plaintiff-Appellee, *v.* STEEL CONTAINER CORPORATION *et al.*, Defendants-Appellants.

First District (2nd Division)    No. 81-1581

Opinion filed November 24, 1981.

Peter G. Frezados, of Chicago (Regas & Frezados, of counsel), for appellants.

Tyrone C. Fahner, Attorney General, of Chicago (Douglas P. Karp, Assistant Attorney General, of counsel), for appellee, *pro se*.

JUSTICE DOWNING delivered the opinion of the court:

This is an interlocutory appeal, taken pursuant to Supreme Court Rule 307(a)(1) (73 Ill. 2d R. 307(a)(1)), from the circuit court's entry of a preliminary injunction prohibiting defendants from transferring by any means certain realty located in Indiana and any shares of stock or other capital assets of defendant Steel Container Corporation or Calumet Container Corporation. Defendants contend that the circuit court abused its discretion in entering the injunction and that the injunction as entered was broader in scope than that requested by plaintiff.

Defendant Steel Container Corporation operates a drum and pail reconditioning facility on a site located at 3631 State Line, Hammond, Indiana. This site is adjacent to the Indiana-Illinois State border. Legal title to the site is held by defendant Mercantile National Bank of Indiana through a land trust under which defendant John J. Jagiella is the sole beneficiary. Defendant Indiana Harbor Belt Railroad Company owns a strip of land in Illinois which is contiguous to and due west of the Steel Container site.

On March 30, 1979, the Illinois Attorney General (plaintiff) filed a multicount complaint against defendants based upon their alleged viola-

tions of various Illinois environmental protection statutes.[1] Several amended complaints followed. Briefly, plaintiff seeks an injunction against continued alleged illegal waste dumping, an order requiring defendants to clean up any Illinois land contaminated by their activities, and penalties for violations of the noted statutes. Further detail concerning defendants' activities will only be related as is necessary to disposition of the relatively narrow issues raised in this appeal.

Since the commencement of the action, the parties have proceeded through various pleading and discovery stages. On May 15, 1981, the parties attended a pretrial conference. At that time, plaintiff presented an "emergency motion for injunctive relief to restrain alienation of property." Essentially, the motion sought a temporary restraining order (TRO) (Ill. Rev. Stat. 1979, ch. 69, par. 3—1) which would "immediately enjoin Defendants from selling, transferring or alienating any property" located at the Steel Container site. The motion was based in part upon information plaintiff had just acquired that an Indiana realtor possessed the exclusive right to sell the Steel Container site, which information supported plaintiff's self-styled "reasonable belief" that defendants were in the process of attempting to sell the site.

On May 18, 1981, during the hearing on the motion, plaintiff learned, allegedly for the first time, that shares of defendant Steel Container had been sold to a stranger to the litigation, and that this person had an agreement to purchase additional shares. It appeared that this person was not immediately subject to the court's jurisdiction. On May 18, the court granted the TRO, therein additionally enjoining defendants from "selling, transferring, alienating or otherwise disposing of any ownership in any shares of stock" in Steel Container or "Calumet Container Corporation" (which firm does not otherwise appear to be a party to these proceedings), for a period of 10 days.[2,3]

On June 1, 1981, defendants filed a motion to dissolve the TRO of May 18. As grounds, defendants alleged that plaintiff failed to demonstrate facts which showed that an irreparable injury would occur without entry of the injunction. Defendants also argued that the injunction went beyond the relief requested by plaintiff by preventing the transfer of stock in Steel Container. Consequently, defendants requested dissolution

---

[1] The statutes in question include "An Act in Relation to the Prevention and Abatement of Air, Land and Water Pollution" (Ill. Rev. Stat. 1979, ch. 14, pars. 11, 12), and the Illinois Environmental Protection Act (Ill. Rev. Stat. 1979, ch. 111½, par. 1001 *et seq.*).

[2] Apparently, defendants John Jagiella and Frank Jagiella did business as Calumet Container from 1970 to 1974 and likewise allegedly caused environmental damage at and near the site.

[3] That the May 18 order was of such limited duration does not appear on the face of the order. However, the transcript of the hearing which resulted in the entry of the TRO indicates that the order was to last for 10 days.

of the May 18 "temporary injunction." On that date, plaintiff filed a response to defendants' motion and also filed a motion for a preliminary injunction, based upon the facts alleged in its earlier motion for emergency relief and those alleged in its response to defendants' motion to dissolve. At the hearing on these motions, defendants' attorney could not inform the court whether the prospective buyers of Steel Container stock were United States citizens. The court responded by expressing its concern that the new buyers might file for corporate bankruptcy, return to their place of citizenship, and cause the court to "lose jurisdiction over them" for the purpose of enforcing any decree which might be entered. The court thus denied defendants' motion to dissolve the May 18 TRO and granted plaintiff's motion for a preliminary injunction. The latter segment of the order was identical in terms to the May 18 order. From this result, defendants appeal.

## I.

Defendants assert that the circuit court erred in "the granting of the preliminary injunction" because plaintiff failed to demonstrate that the elements necessary for such order to issue were present in this case. We consider the question of the propriety of the May 18 TRO to have become subsumed into the question of the propriety of the June 1 preliminary injunction. Consequently, our analysis will focus upon the latter order.[4]

## A.

■■ ■ In order for a preliminary injunction to issue, the plaintiff must establish (i) that he possesses a clearly ascertainable right which needs protection, (ii) that he will suffer irreparable harm without the injunction, (iii) that there is no adequate remedy at law for his injury, and (iv) that he is likely to be successful on the merits of his action. Generally, the court should also conclude that the grant of the temporary relief outweighs any possible injury which the defendant might suffer by its issuance. (*Cross Wood Products, Inc. v. Suter* (1981), 97 Ill. App. 3d 282, 284-85, 422 N.E.2d 953.) An injunction is an extraordinary remedy which is not granted as a matter of course. (*Distaola v. Department of Registration & Education* (1979), 72 Ill. App. 3d 977, 980, 391 N.E.2d 489.) The circuit court's issuance of an injunction will not be set aside absent a showing of

---

[4] Concerning the propriety of the circuit court's refusal to dissolve the May 18 temporary restraining order, we note that the order expired by its own terms after ten days and was replaced by the preliminary injunction. Nothing in the record demonstrates the existence of any damages to defendants from the TRO. In such circumstances, a reversal on this issue would have no practical effect on the controversy. The issue may thus be left unaddressed. See *City of Chicago v. Airline Canteen Service, Inc.* (1978), 64 Ill. App. 3d 417, 380 N.E.2d 1106, *appeal denied* (1979), 72 Ill. 2d 581.

an abuse of that court's discretion. *Dayan v. McDonald's Corp.* (1978), 64 Ill. App. 3d 984, 987, 382 N.E.2d 55.

We find defendants' contention that plaintiff failed to show irreparable harm in the absence of injunctive relief to be dispositive of this appeal.

■■ An application for a preliminary injunction must specify all facts necessary to justify the unusual relief sought. These facts must be alleged with certainty and precision. (*Hall v. Orlikowski Construction Co.* (1974), 24 Ill. App. 3d 60, 63, 321 N.E.2d 23.) It is incumbent upon the plaintiff to allege in particular terms the irreparable harm. (*Glen Ellyn Savings & Loan Association v. Tsoumas* (1976), 41 Ill. App. 3d 292, 294, 354 N.E.2d 53; *Mingare v. DeVito* (1978), 67 Ill. App. 3d 371, 373, 385 N.E.2d 20.) Mere conclusions are inadequate. *Whitaker v. Pierce* (1976), 44 Ill. App. 3d 148, 150, 358 N.E.2d 61, *appeal denied* (1977), 65 Ill. 2d 585, *cert. denied* (1977), 434 U.S. 837, 54 L. Ed. 2d 99, 98 S. Ct. 127.

■■ Examination of the relevant pleadings and of the evidence produced at the hearings convinces us that plaintiff has failed to comply with these essential pleading requirements. Plaintiff alleges in conclusory form that transfer of defendants' property would "prejudice the Plaintiff and frustrate the relief requested and the ends of justice," and would cause "irreparable harm and the ends of justice would be obstructed." In his brief, plaintiff asserts that without the preservation of "the assets of the defendant corporation, * * * the State most likely will be left with the choice of paying for the clean-up through its own tax revenues or allowing portions of Illinois land and water to remain or become polluted." However, this theory was not argued below. As well, nothing in the record shows that defendants' assets would become unavailable in the absence of the injunction so that defendants would be incapable of complying with any order which might result from this case. Plaintiff's presentation of this element and the court's consideration thereof both made inferential leaps of logic that such circumstances would result, but neither was based upon matters of record. In this court's opinion, the pleadings and proof of this case are inadequate to demonstrate that plaintiff is in danger of irreparable harm without the injunction, and that the injunction is warranted.[5] The circuit court erred in granting the preliminary injunction for this reason. Compare *Dixon v. Village of Lombard* (1977), 50 Ill. App. 3d 590, 365 N.E.2d 1131, *appeal denied* (1977), 66 Ill. 2d 629, with *Sports Unlimited, Inc. v. Scotch & Sirloin of Woodfield, Inc.* (1978), 58 Ill. App. 3d 579, 374 N.E.2d 916.

---

[5] We offer no view as to whether plaintiff, on remand, could allege or prove facts sufficient to demonstrate irreparable harm. We simply hold that such facts are not alleged or proved in the record before us.

## B.

Our disposition of the appeal in this manner renders it unnecessary for us to deeply scrutinize defendants' remaining claims. However, since we find it likely that plaintiff might seek another injunction upon remand, we believe some comment upon these matters is warranted.

■■ Defendants assert that plaintiff has not established any clearly ascertainable right requiring the protection of injunctive relief. We note the presence of a statutory scheme aimed at restoring, enhancing, and protecting the quality of the Illinois environment. (See Ill. Rev. Stat. 1979, ch. 111½, par. 1002(b).) Plaintiff has the legal authority to foster these goals through legal action. (Ill. Rev. Stat. 1979, ch. 14, par. 12.) A fair reading of plaintiff's amended complaint demonstrates that he has relied upon these statutes in instituting this action. We find the aim of protecting the environment, as espoused in these laws, to be a clearly ascertainable right requiring injunctive protection.

■■ Defendants claim that plaintiff has failed to establish the absence of an adequate remedy at law, citing *lis pendens* as an alternative legal theory of relief. We note that a court must have jurisdiction over the property involved in order for the doctrine of *lis pendens* to apply. (*Norris v. Ile* (1894), 152 Ill. 190, 202, 38 N.E. 762.) Here, the realty involved is situated in Indiana. Plaintiff must have proceeded against the property in that State in order for the doctrine to be applicable. This is not an adequate remedy at law as that terminology has been defined. See *Cross Wood Products, Inc. v. Suter* (1981), 97 Ill. App. 3d 282, 286.

■■ Defendants' assertion that plaintiff has not shown the likelihood of success on the merits is similarly without basis. The merits which are viewed are those of the underlying cause of action, and not the merits of the preliminary injunction motion. Thus, the question is whether the facts show a likelihood that plaintiff will succeed in having defendants ordered to clean up the pollution they allegedly caused and in being permanently enjoined from causing further environmental damage. The allegations of plaintiff's complaint and the actions taken by the circuit court thereupon prior to entry of the preliminary injunction indicate that plaintiff has a reasonable likelihood of achieving the relief sought in the complaint. In our opinion, the record contains a sufficient showing of the requisite likelihood that plaintiff could succeed on the merits of the case so as to permit entry of the injunction. See generally *Kable Printing Co. v. Mount Morris Bookbinders Union Local 65-B* (1976), 63 Ill. 2d 514, 523, 349 N.E.2d 36; *Wessel Co., Inc. v. Busa* (1975), 28 Ill. App. 3d 686, 690, 329 N.E.2d 414, *appeal denied* (1975), 60 Ill. 2d 602.

■■ Defendants also argue that plaintiff made no effort to show the circuit court that the balance of the hardships weighed in his favor. As noted by plaintiff, this doctrine is inapplicable where defendants' actions were

done with full knowledge of the plaintiff's rights and with an understanding of the consequences which might ensue. (*ABC Trans National Transport, Inc. v. Aeronautics Forwarders, Inc.* (1978), 62 Ill. App. 3d 671, 682-83, 379 N.E.2d 1228, *appeal denied* (1978), 71 Ill. 2d 616.) The record here shows that defendants allegedly engaged in acts of pollution after commencement of this lawsuit. Consequently, there was no need for the court to balance the equities in this case prior to resolving the injunction request.

## C.

■■ Finally, we find the above discussion to have obviated the need for us to address defendants' concerns with the scope of the injunctive relief granted.

For the foregoing reasons, we dissolve the preliminary injunction entered by the circuit court and remand the case for further proceedings consistent herewith.

Reversed and remanded.

HARTMAN, P. J., and PERLIN, J., concur.