71  611
157  476
46a 428
71  611
88a 228

71     611
100a ¹189

ALLEN CAMPBELL *et al.*

*v.*

THE PARIS AND DECATUR RAILROAD COMPANY *et al.*

1. EQUITY PLEADING—*when averments upon information and belief are sufficient.* It is a general rule that, where facts are within the knowledge of a party, he must state them positively in his pleading; but where matter essential to the determination of the claims of a complainant in chancery is charged to rest in the knowledge of the defendant, or must, of necessity, be within the knowledge of the defendant, and is consequently a part of the discovery sought by the bill, it may be stated upon the information and belief of the complainant followed by a statement that he therefore charges the fact to be true.

2. A bill to enjoin the supervisor of a town from issuing, and a railroad company from receiving, the bonds of the township, charged, " on information and belief, that said company will soon demand of the supervisor of said town all or a part of said bonds, and that there is danger,

unless said supervisor is enjoined from issuing said bonds, and the said company restrained from receiving the same, that said bonds will be issued and registered:" *Held*, that this was a specific and positive charge that there was danger that the bonds would be issued and registered, unless the supervisor was restrained from issuing, and the company from receiving, the bonds, and clearly entitled the complainant to an answer.

3. Subscriptions to railroads—*by whom to be made*. A clause in the charter of a railroad company which says, " it shall be lawful for all persons of lawful age, or for the agent of any corporate body, to subscribe to the capital stock of said company," manifestly refers to private corporations, and confers no power upon municipal corporations to subscribe for such stock.

Appeal from the Circuit Court of Douglas county; the Hon. James Steele, Judge, presiding.

Mr. John R. Eden, for the appellants.

Mr. Robert G. Ingersoll, and Mr. James A. Eads, for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

This was a bill in equity, filed by appellants in the circuit court of Douglas county, against appellees, for an injunction to restrain the supervisor of a township from issuing, and the railroad company from receiving, bonds of the town to the amount of $35,000. The bill alleges that the petition of a number of citizens of the town was presented to the town clerk that a meeting be called to vote for and against issuing the bonds of the town to aid the Paris and Decatur Railroad Company in constructing their road; that he called the meeting, at which it was declared that the proposition was carried; that there were a number of conditions imposed that the road was required to perform before the bonds could be issued.

The bill charges that the company were engaged in constructing their road, but had not complied with the conditions of the subscription, and "on information and belief, that said company will soon demand of the supervisor of said town

of Bourbon all or a part of said $35,000 of the bonds of said town of Bourbon, and that there is danger, unless said supervisor is enjoined from issuing said bonds, and the said company restrained from receiving the same, that said bonds will be issued and registered."

The bill charges that the time specified in the conditions annexed to the vote for the construction of the road before the bonds could issue, had expired, and the road was not built, but lacked 25 miles or more of being completed. It is therefore charged that there was no pretense of authority to issue these bonds.

A temporary injunction was granted in vacation. At a subsequent term of the court, a demurrer was filed to the bill, which was sustained, and the bill dismissed, and the record is brought to this court, and errors assigned.

It is urged that this bill is defective, because it is not positively alleged that the railroad company intended to demand, and the supervisor intended to issue, the bonds; that such an averment, made on information and belief, is not sufficient to require an answer. It is a general rule that, where facts are within the knowledge of a party, he must state them positively in his pleadings. Story, in his work on Equity Pleadings, section 255, says the claims of a defendant may be stated in general terms, "and if matter essential to the determination of the claims of the plaintiff is charged to rest in the knowledge of the defendant, or must, of necessity, be within the knowledge of the defendant, and is consequently a part of the discovery sought by the bill, a precise allegation thereof is not required."

Had this allegation related to a fact in the knowlege of complainants, it is clear that it would have been insufficient; but where the fact lies alone in the knowledge of the defendant, and discovery is sought, we are not prepared to hold that it may not be stated that the plaintiff is informed and believes the fact to be true, followed by a statement that he therefore charges the fact to be true.

614    CAMPBELL *et al. v.* P. & D. R. R. Co. *et al.* [Jan. T.

Opinion of the Court.

But, in this case, we understand the charge to be specific and positive that there is danger that the bonds will be issued and registered, unless the supervisor ·be restrained from issuing, and the company from receiving them. This allegation, thus positively made, we think, clearly entitled the complainants to an answer. The other allegations of the bill clearly show that there was not a shadow of right to issue these bonds, if for no other reason, because the road was not, nor could it have been, completed within the few days that remained to construct the road, in the time limited by the notice of the election, and, as the citizens of the town had called the meeting and voted the subscription, it is but a natural inference that the company would demand them, and that there would be danger that the supervisor would issue them.

A copy of the charter was filed as an exhibit, with the bill, and in the 5th section there is this language: "It shall be lawful for all persons of lawful age, or for the agent of any corporate body, to subscribe any amount to the capital stock of said company." This is the only provision in the charter in reference to subscriptions by either persons or corporations. It confers no power on municipal corporations to subscribe for such stock. The provision manifestly refers to private corporations, where it authorizes agents to subscribe. It does not refer to counties, cities, towns or townships, and can not be held to embrace them. No power was conferred to call the election, or for the town officers to make the subscription, or to issue these or any other bonds. Having no power to issue the bonds, if there was danger that they would do so, it would be proper that they should be restrained; and the bill contains the specific averment that there was danger that the bonds would be issued, and we have no hesitation in saying that the facts stated in the bill, if true, and they are so admitted by the demurrer, entitles the appellants to a perpetual injunction restraining them from being issued.

The decree of the court below must be reversed and the cause remanded.

*Decree reversed.*

Mr. Justice Scholfield having been consulted in regard to the questions involved in this case, prior to his election, took no part in the decision of the case.