## Louis Greenberg v. Minnie Holmes.

1. INJUNCTIONS—*May be Issued Without Bond.*—Injunctions other than those to restrain the collection of a judgment may, where sufficient cause is shown, be issued without requiring the applicant to give a bond.

Greenberg v. Holmes.

2. EQUITY PLEADING—*Requisites of a Bill for an Injunction.*—As a general rule, an allegation of facts upon which an injunction may be ordered, must be stated positively, although where the facts essential to the rights of the complainant are charged to rest in the knowledge of the defendant, or must of necessity be within his knowledge and not within the knowledge of the complainant, they may be alleged upon information and belief, followed by the statement that the complainant charges such facts to be true.

3. EQUITY—*Has No Jurisdiction Where the Complainant Has an Adequate Remedy at Law.*—A court of equity will not assume jurisdiction in a case where the complainant has an ample and adequate remedy at law.

**Bill for an Injunction.**—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Order granting the writ reversed. Opinion filed February 21, 1902.

E. H. MORRIS, attorney for appellant.

C. ARCH WILLIAMS, attorney for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The material allegations of the bill as shown by the abstract are, so far as this appeal is concerned, as follows:

"Your oratrix further shows that she is engaged in the business of dressmaking, and has been for fifteen years last past engaged in said business; that all of the household goods and other goods and chattels contained in the premises known as 3239 South Park avenue are the property of your oratrix, excepting certain articles therein belonging to sub-tenants; that her said husband is unemployed and does not now, and has not for several years past contributed anything toward the support of your oratrix or of her said child; that your oratrix is the actual head of her said family. Your oratrix further represents unto your honors that heretofore, to wit, on the 17th day of October, A. D. 1901, a judgment was obtained by the Illinois Milk Company against the said husband of your oratrix in the justice court of some justice of the peace in and for Cook county, Illinois, to your oratrix unknown; that an execution was immediately sworn out upon said judgment and placed in the hands of said Louis Greenberg, a constable, as your oratrix has been informed by said Greengerg, the defendant herein named; that said Greenberg, together with a number of other persons, whose names are to your oratrix unknown, on

Saturday, the 9th day of November, A. D. 1901, called at the said residence of your oratrix, and the said Greenberg then and there demanded of your oratrix payment in full of said judgment; that your oratrix is without funds to pay said judgment, and that your oratrix was never made a party defendant to said suit, as she is informed and believes, upon which said execution was issued; that your oratrix was never in any way indebted to the plaintiff in said suit, and so stated to the said Greenberg at the time; that all of the household goods and chattels, as aforesaid, are the personal property of your oratrix, and as the head of the family are exempt from execution, even though your oratrix were a party to said suit; that the said Greenberg then and there stated to your oratrix that he would call again on Monday evening, November 11, 1901, or soon thereafter, and that if your oratrix did not at that time pay to him the amount of said judgment, or some portion of the same, he would immediately levy on said goods and chattels of your oratrix and seize the same and remove them from the said premises for the purpose of satisfying said judgment, all of which your oratrix believes said Greenberg will do if not restrained by this court."

Appellee further alleged herself to be a poor person, without funds to prosecute her suit, and prayed that the injunction issue without bond, without costs and without notice, and the prayer of the bill of complaint was granted by the Superior Court and said injunction issued as prayed for.

From the order granting that injunction appellant has taken an appeal to this court.

The point made by appellant, that the court below had no power to restrain the collection of the judgment without requiring a bond to be filed, is not well taken. If the bill were to restrain the collection of a judgment, we should be confronted with that question. Rev. Stat., Hurd's Ed. 1899, Chap. 69, Sec. 8.

But such was not the object of the bill, nor the purport of the writ. The bill is not filed against the plaintiff in the suit out of which the injunction issued, but is filed against Greenberg alone, and the writ granted restrains the said "Greenberg or any person or persons on his behalf" from seizing, etc., the complainant's goods and

chattels, etc., and does not interfere with the judgment in any way.

The case is one that falls within a different section of the statute, which expressly provides that "bond need not be required when, for good cause shown, the court, judge or master is of opinion that the injunction ought to be granted without bond." Rev. Stat., Hurd's Ed. 1899, Chap. 69, Sec. 9.

It will be observed that the allegation of the bill that oratrix was never made a party defendant to the suit out of which the execution issued, is made upon information and belief, and is not even quite that; for the averment that the household goods and chattels are the personal property of oratrix, and as the head of the family are exempt from execution, "even though oratrix were a party to said suit," is a qualification of the truth of what is previously stated to be on information and belief.

As a general rule, an allegation of facts upon which an injunction may be ordered, must be stated positively, although where facts essential to the right of a complainant are charged to rest in the knowledge of the defendant, or must of necessity be within his knowledge, and not within the knowledge of the complainant, they may be stated upon information and belief, followed by the statement that the complainant charges the facts to be true. Campbell v. Paris and Decatur R. R. Company, 71 Ill. 611.

It is difficult to see how the fact whether the complainant was a party to the suit in which the execution was issued or not, rested within the peculiar knowledge of appellant, and not within the knowledge of appellee. It would seem as though the complainant must have had knowledge of whether she was a party to the suit or not, and therefore she was bound to make a precise allegation thereof.

We have lately held that injunction against a writ of restitution will lie, where the object of the writ is to restore to possession one who is out of possession, the complainant never having been a party to the suit out of which the writ

190 APPELLATE COURTS OF ILLINOIS.

issued, and having no connection with that suit. New Music Hall Company v. Orpheon Music Hall Company *post*, 278.)

But that was a case where the allegations were positive that the complainant was in possession, and that the defendants were proceeding without right to oust the complainant and to put the defendants into possession. We discover no legal ground upon which the injunction appealed from can stand. If the complainant can sustain the theory upon which the bill is framed by proof, she will have a complete remedy by replevin or trespass, or other appropriate action at law, and she must be left to such remedy.

The order appealed from must be reversed and it is so ordered.

Reversed.