HOFFMAN et al. v. B. KUPPENHEIMER & CO.

(Circuit Court, N. D. Illinois, E. D. December 10, 1910.)

No. 29,351.

TRADE-MARKS AND TRADE-NAMES (§ 39*)—USE TO DESIGNATE PATENTED ARTICLES — ASSIGNMENT AS INCIDENT TO LICENSE UNDER PATENT — REVERSION.

A patentee, who has adopted and registered a trade-mark, which he uses to designate the patented article, may assign the right to use such trade-mark as an incident to a license to make and sell the patented article, without losing his rights therein, and, on termination of the license, is reinvested with full title to the trade-mark, with the right to protection against its continued use by the licensee.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 44; Dec. Dig. § 39.*]

In Equity. Suit by Henry Hoffman and Charles A. Murphy against B. Kuppenheimer & Co. On demurrer to bill. Overruled.

Frank D. Thomason, for complainants.
Dyrenforth, Lee, Chritton & Wiles, for defendant.

KOHLSAAT, Circuit Judge. This cause is now before the court on demurrer to bill for injunction to restrain infringement of patent and registered trade-mark. It is conceded by the parties to the suit that the only question now involved is the validity of the trade-mark.

From the bill it appears that complainants, being the grantees of patent No. 759,371, granted May 10, 1904, for an improvement in coat collars, and of a certain registered trade-mark in the word "Protector," accompanied with certain characters applied to the product of said patent, licensed the defendants and others to manufacture and sell overcoats, using the collar of said patent, and to employ in connection therewith said trade-mark; that in pursuance of such license defendants made use of said collar and trade-mark, and paid to complainants the prescribed royalty or license fee; that said collar was and is of great value; that said license and right under said license to use said trade-mark terminated on or about January 6, 1906; and that, notwithstanding the same has terminated, the defendants are continuing the use of said collar and trade-mark, although notified not to do so, in willful disregard of complainants' rights, as well as of the rights of the public.

The record seems somewhat indefinite as to the question involved

in the demurrer. Since, however, the counsel for both sides limit their briefs to the question as to whether the granting of the right to use the trade-mark, as incident to the grant of a license to use the device of the patent, did not in and of itself destroy complainants' rights in and to the exclusive use of the trade-mark, this ruling will be limited to that question.

In Adam v. Folger, 120 Fed. 260, 56 C. C. A. 540, the Court of Appeals for this circuit, speaking through Judge Baker, held that a patentee who had adopted a name to denote and identify the patented article might license the use of the name in connection with the right to manufacture and sell the article for a limited territory, and that the licensee had no right to continue to use the same in connection with a different and competing article after the expiration of the license, and sustained the right of the licensor to injunctional relief as to the patented product and the use of the name "Victor." "As used," says the court, "the word did not represent to the public that they were getting any skill or excellence of workmanship which Folger alone possessed, but that the beater was the kind covered by the patent. As Folger had the right to license Adam to use the thing, he had the right as a part of the same transaction, to license him to use the name of the thing." Justice Brewer, in Centaur Co. v. Heinsfurter, 84 Fed. 955, 28 C. C. A. 581, and Judge Shipman, in Gally v. Colts Pat. Fire Arms Mfg. Co. (C. C.) 30 Fed. 118, have both held that a trade-mark or trade-name indicated in such cases that the article was manufactured in accordance with the patent, rather than the skill and workmanship of the maker.

No reason is perceived why the same rule should not obtain with reference to registered trade-marks, as to which the federal courts are given jurisdiction without regard to the amount in controversy. If, then, the right to use the trade-name may be assigned as incident to a license to manufacture and sell under a patent, without prejudice to the interest of the assignor in the trade-name, except as affected by the terms of the assignment, manifestly defendants, having lost all rights under the assignment, may not longer use the trade name or mark, and complainants have become reinvested with full title in and to the same so far as defendants are concerned, and may bring suit to enforce their rights.

The demurrer is overruled.