Goldblatt Bros., Inc., Appellee, v. Sixty-Third and Halsted Realty Co. et al., Defendants. Interlocutory Appeal of Sixty-Third and Halsted Realty Company, Appellant.

Gen. No. 44,846.

544

Opinion
filed September 30, 1949. Rehearing denied October 25, 1949. Released for publication October 25, 1949.

CLAUSEN, HIRSH & MILLER, of Chicago, for appellants.

PRITZKER, PRITZKER & CLINTON, and KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, all of Chicago, for appellee; HOWARD ELLIS, STANFORD CLINTON, JOSEPH H. PLECK and JOHN M. O'CONNOR, JR., all of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Sixty-Third and Halsted Realty Company, sublessor, hereafter called defendant, appeals from an interlocutory injunction restraining it from asserting any default against plaintiff, sublessee, and directing plaintiff to pay to the clerk of the court a part of the rent stipulated in the sublease under which plaintiff is in possession of the premises involved herein. The injunctional order was entered on plaintiff's motion before answer filed by the defendant, and the correctness of the order must therefore be determined by the allegations of the complaint. *Dunne v. County of Rock Island,* 273 Ill. 53.

The complaint alleges that defendant, as lessee by assignments of two adjoining parcels of land on the northwest corner of 63rd and Halsted street, Chicago, extending 93⅔ feet and 22⅓ feet along Halsted street, under separate leases expiring April 30, 2033 (hereafter called underlying leases), leased both parcels to plaintiff under a lease, "in all respects subject and subordinate to the terms and provisions of the underlying leases," for five years commencing May 1, 1934, with an option, later exercised by plaintiff, for an additional term ending April 29, 2033. Under the terms

of the sublease and amendments thereto plaintiff was obligated to commence by December 31, 1948 the erection on the demised premises of a new building at least three stories in heighth adapted for commercial purposes and to cost not less than $250,000. Plaintiff's sole purpose in entering into the sublease and the amendments thereto was to erect a single building on the leased premises suitable for a large retail department store business and to use said premises for said business, and plaintiff would not have entered into the sublease if it had not believed and relied upon the representations of defendant that in making the sublease plaintiff could erect a single building on the premises being leased. On or about February 18, 1949, defendant advised plaintiff that it had been notified by the beneficial owners of the underlying leases that a single building on the leased premises was not authorized or permitted by said leases, that in the judgment of defendant there was no merit in the position taken by the beneficial owners and that plaintiff should proceed with the construction of a single building. On February 16, 1949, the beneficial owners advised plaintiff that the underlying leases provided for the erection or construction of separate buildings on each of the parcels demised by the sublease and threatened to sue for an injunction and damages if plaintiff went ahead with the erection of a single building. Plaintiff is advised that the position of the beneficial owners is well founded, and if their position is determined to be correct by this court the sublease is a nullity. Plaintiff has not paid the rent of $4,483.34 due on March 1, 1949. It is informed and believes and on such information and belief states the fact to be that defendant has no other assets than its leasehold interest in the demised premises and has no income except the amounts paid to it by plaintiff, and if the above sum were paid to defendant it would not be recoverable in the event the court declares the sub-

lease as amended is a nullity. Plaintiff prays that the sublease as amended be declared a nullity and that it be canceled; that defendant be ordered to make restitution to plaintiff of all sums heretofore paid by plaintiff to defendant, less such sum as the court shall find to be a fair and reasonable amount for the use and occupancy of said premises from May 1, 1934 until the plaintiff vacates the premises in accordance with the judgment of this court; that defendant be required to reimburse the plaintiff for all expenses paid or incurred in connection "with the planning and preparation and the demolition of the present building and the construction of the new building on the demised premises"; that in the event the court should not hold the sublease as amended to be null and void, that the court declare plaintiff has the right, under the sublease as amended and the underlying leases, to build a single building on the leased premises; that pending the disposition of this proceeding the defendant be restrained from instituting any action against the plaintiff based on the sublease; that plaintiff have such other and further relief as may seem just and proper.

The order appealed from recites that "due notice of this motion has been given and that all parties to this litigation are present in open court represented by their respective counsel, and the court having examined the verified bill of complaint and the exhibits attached thereto, and having heard the arguments and contentions of all parties," and orders that within 24 hours of the entry of the order plaintiff shall pay to defendant $2,083.33, and on or before April 4, 1949, and on or before the first day of each and every month thereafter until the further order of the court, plaintiff shall make monthly payments of $2,083.33 to defendant; that within 24 hours of the entry of the order plaintiff shall deposit with the clerk of the court $2,400, and on or before the first day of each

and every month thereafter until the further order of the court the plaintiff shall make monthly deposits with the clerk of the court of the sum of $2,400; that any other sum or sums, including general real estate taxes, required to be paid by the plaintiff under the terms and provisions of the sublease as amended, shall be deposited with the clerk by the plaintiff until the further order of the court on or before the times required for the payment thereof by said sublease and amendments thereto; that the moneys directed to be paid and deposited by the plaintiff ''shall be without prejudice to any contention which the plaintiff . . . desires to make as to the character and effect thereof upon the trial of this cause, and without prejudice to any position which the plaintiff shall take or any contention which the plaintiff shall make with respect thereto in the course of these proceedings, and the plaintiff shall not be deemed to have waived any rights on account of making said payments and deposits''; that the making of said payments and deposits shall preclude the assertion of any default or noncompliance with the terms of said sublease as amended, and that pending further order of the court defendant is restrained and enjoined from asserting any defaults against the plaintiff by virtue of the provisions of the sublease as amended, or instituting any suit, proceeding or taking any other action based upon any alleged default or noncompliance with the terms of the said sublease as amended; for good and sufficient cause shown, the filing of a bond is waived. The answer of the defendant, filed later, is inserted in the record, but since the rights of the parties must be determined as of the time when the order was entered, this answer is ignored. *Bauer v. Lindgren,* 279 Ill. App. 397, 406; *Firebaugh v. McGovern,* 334 Ill. App. 79 (Abst.).

In answer to defendant's contention that material allegations of the complaint are made on information and belief and that the order violates the settled law

of Illinois by "permitting the plaintiff to remain in uninterrupted possession of the leased premises without paying to the Realty Company (defendant) the fixed rental and other payments required under the amended sublease," plaintiff contends that the matters stated on information and belief are of necessity within the knowledge of the defendant, and as to such matters allegations on information and belief are sufficient to support a restraining order entered after a hearing, there being no denial by defendant of the truth of the complaint; that if the sublease is a nullity because of the mistake of the parties as to plaintiff's right to erect a single building on the two parcels demised, defendant is entitled only to a reasonable sum for the use and occupation of the premises and that the court properly ordered an accumulation of the disputed rent pending the determination of the suit.

The assets and the income of the defendant are facts peculiarly within its knowledge and unknown to plaintiff except by information derived from others. Allegations in respect to these matters that "plaintiff is informed and believes, and on such information and belief states the fact to be," are averments of the facts "no less direct and positive than those which are not preceded by the qualifying statement that they are made on information and belief." *Greene v. Bjorseth,* 350 Ill. 469. See also *Coryell v. Klehm,* 157 Ill. 462, and *Campbell v. Paris & D. R. Co.,* 71 Ill. 611. Such allegations of material facts will support an injunction issued on notice when not denied by the defendant. High on Injunctions (4th ed.) sections 35 and 1571; *Johnson v. Crouch,* 224 Ill. App. 105; *Greenberg v. Holmes,* 100 Ill. App. 186. However, the mere fact that defendant has no other assets than its leasehold interest in the premises occupied by plaintiff and no income except moneys received from plaintiff under the sublease, cannot justify the granting of an in-

junction and the withholding from defendant of a portion of the rent. There is no allegation of the value of defendant's leasehold interest or the reasonable rental or value of use and occupation of the premises. There was, therefore, nothing before the trial court by which to fix a reasonable value of use and occupation of the premises different from the payments required under the sublease. There is no allegation of fact on which to base the conclusion, stated on information and belief, that overpayments, if any, could not be recovered in the event the sublease should ultimately be declared a nullity. If there be circumstances upon which the court could grant an injunction and set aside any part of the stipulated rent to secure reimbursement to plaintiff of any payments in excess of the reasonable value of the use and occupation of the premises, the allocation of the sums set aside would have to be limited to reimbursement for future overpayments. The appropriate function of a writ of injunction is to afford preventive relief and not to correct injuries already committed. High on Injunctions (4th ed.) sec. 23. If plaintiff is diligent in the prosecution of its suit, such overpayments, if any, will be comparatively few. In the absence of direct and positive allegations to the contrary, the assets of defendant must be presumed sufficient to satisfy all lawful claims against it. If the sublease is subject to rescission or cancellation because of the alleged mistake as to plaintiff's right to construct a single building on the two parcels demised and plaintiff elects to rescind or cancel the sublease for that reason, it must surrender possession of the premises. The court cannot make a new lease for the parties or alter the present sublease by fixing a different rental. *Harley v. Magnolia Petroleum Co.,* 378 Ill. 19, 28; 19 Am. Jur., Equity, sec. 51. So long as plaintiff remains in possession of the premises its possession is under the sublease and it must pay the stipulated rent. *White v. Y. M. C. A.,* 233 Ill. 526;

*Keating v. Springer*, 146 Ill. 481; *Giddings v. Williams*, 336 Ill. 482. To hold otherwise would permit plaintiff to affirm the sublease in part, accepting benefits and avoiding obligations. It is only upon performance by plaintiff of all its obligations under the sublease, except that relating to the erection of a building on the premises demised, that plaintiff is entitled to remain in possession of the premises pending the determination of this action. Any payments required to be made under the terms of the sublease must be made to the persons, at the times, and in the manner therein provided.

The order appealed from is erroneous and is reversed, and the cause is remanded for the entry of an order, if desired by plaintiff, in conformity with the views expressed herein.

*Reversed and remanded.*

TUOHY, P. J., concurs.

FEINBERG, J., took no part.