LUMS RESTAURANT CORPORATION, Plaintiff-Appellee, *v.*
BLOOMINGTON RESTAURANT INVESTMENTS, INC.,
Defendant-Appellant.

Fourth District    No. 16705

Opinion filed February 3, 1981.

Don C. Hammer, of Hayes, Schneider, Hammer & Miles, Ltd., of Bloomington, for appellant.

J. Michael Grosso, of DePew, Grimes & Chesley, of Bloomington, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

This is an interlocutory appeal under Supreme Court Rule 307(a)(1) (73 Ill. 2d R. 307(a)(1)) from an order of the circuit court of McLean County issuing a preliminary injunction prohibiting defendant from using plaintiff's trademarks. We affirm.

Plaintiff and defendant bore the relationship of franchisor and franchisee under an agreement by which plaintiff granted defendant a license to operate a restaurant under the "Lums Restaurant Format" and to use "Lums Marks." These are described generally in the recitals in the franchise agreement as follows:

"LUMS Restaurants are identified and distinguished by a unique and standardized design, decor and style, by uniform standards, specifications and procedures of operation, by the high quality, style and uniformity of the food items sold therein, including the items prepared in accordance with LUMS secret formulas, and by the Lums Marks used in connection therewith.

LUMS has created substantial goodwill for Lums Restaurants and is the sole and exclusive owner of all proprietary and other property rights in the same and in the Lums Marks and unique design, decor and style and the other unique characteristics of Lums Restaurants."

Plaintiff filed a three-count complaint, alleging that the franchise agreement had been terminated for failure to pay royalties and rental on equipment. It sought money damages for these items. Count III alleged that plaintiff had demanded that defendant cease the use of all trademarks and other distinguishing characteristics of a Lums Restaurant, but that defendant had refused to do so and continued their use. This count sought money damages for injury to plaintiff's reputation and loss of business and profits. It also asked for a preliminary injunction against the further use by defendant of the trademarks, an accounting for profits and the return of all trade secrets and confidential business information.

Plaintiff filed a motion for preliminary injunction supported by affidavits and a second motion supported by a copy of the complaint. The trial court held a hearing at which plaintiff made proof of the franchise agreement, its provisions for termination, the delinquency by defendant, the termination of the agreement and notification to defendant to cease using plaintiff's trademarks. At the conclusion of the hearing the trial court entered a written order enjoining defendant from the use of plaintiff's trademarks. Defendant moved for bond on the order but this motion was denied. This appeal followed.

Defendant presents three issues for our consideration: (1) Whether plaintiff had an adequate remedy at law; (2) whether the issuance of the injunctive order without bond was error; and (3) whether a preliminary injunction must preserve the *status quo ante*.

■■ The fundamental rule to be observed by us in ruling on the propriety of a preliminary injunction is whether the trial court abused its discretion. Our inquiry is not to the merits of the case except insofar as a plaintiff must show a substantial likelihood of prevailing on the merits on final hearing.

The requirements for a preliminary injunction have been often stated. The plaintiff must show "(1) it has no adequate remedy at law; (2) a substantial likelihood of its success on the merit exists; (3) it is subject to immediate, irreparable injury; and (4) in the absence of preliminary

relief, it will incur greater injury than would be received by the objectors if the relief were granted." *Earthline Corp. v. Mauzy* (1979), 68 Ill. App. 3d 304, 306, 385 N.E.2d 928.

Defendant's first argument is that plaintiff has requested money damages and therefore *sub silentio* has admitted the existence of an adequate legal remedy. It further argues that it may continue its operations and if plaintiff prevails on the merits, it may then render an accounting for profits and other damages during the holdover period. Defendant does not contest the fact that the franchise agreement was terminated.

■■ We are not persuaded. Even though damages for nonpayment of royalties and rentals up to the date of termination may be ascertainable without difficulty, further damages during the holdover period would not be easy to quantify. The fact that a legal remedy exists and that plaintiff's ultimate recovery may be a money judgment does not deprive a court of chancery of the power to issue a preliminary injunction. *K.F.K. Corp. v. American Continental Homes, Inc.* (1975), 31 Ill. App. 3d 1017, 335 N.E.2d 156.

It is essential to bear in mind when analyzing the problem presented here that we are not dealing with a trademark infringement in which a deceptively similar mark is being used. The marks here are identical and are the property of plaintiff. Prior authorities have held that the continued use of a plaintiff's trademark beyond the expiration of an agreement constitutes a fraud. *Smith v. Dental Products Co.* (7th Cir. 1944), 140 F.2d 140; *Goodman v. Motor Products Corp.* (1956), 9 Ill. App. 2d 57, 132 N.E.2d 356; *Texaco, Inc. v. Kane County Oil, Inc.* (1968), 96 Ill. App. 2d 383, 238 N.E.2d 622; *Minton v. Smith* (1934), 276 Ill. App. 2d 128, *aff'd after remand* (1935), 283 Ill. App. 638. See also *Adam v. Folger* (7th Cir. 1903), 120 F. 260; *Hoffman v. B. Kuppenheimer & Co.* (N.D. Ill. 1910), 183 F. 597.

■■ These cases, though not factually identical, point out that injunctions are available to preclude continued use of a trademark beyond the expiration of contracts. In most of these cases, defendant was claiming that its use of the trademark was proper on the basis that plaintiff had somehow abandoned the mark by licensing it to the defendant. There does not appear to be any reason, however, why the rule should not be applied in this case where defendant does not contend it has any proprietary interest in the mark. Since defendant's use can be characterized as fraud, it would appear that plaintiff has shown both damages for which plaintiff has no adequate remedy at law and an injury which is irreparable absent an injunction.

■■ Imminent and speculative damages need not be established when the unfairness of the competitive act appears indisputable. (*Royalty*

*Designs, Inc. v. Thrifticheck Service Corp.* (S.D. N.Y. 1962), 204 F. Supp. 702.) In these circumstances the grant of a preliminary injunction is discretionary with the trial court. One factor which might have weighed in defendant's favor would have been if defendant indicated it would cease using the trademarks until resolution of the issue. Under these circumstances, courts have stated that there would be no showing of continuing or irreparable injury and an injunction would not lie. (*Ye Olde Tavern Cheese Products, Inc. v. Planters Peanuts Division* (N.D. Ill. 1966), 261 F. Supp. 200.) In this case, defendant does not indicate any such intent to discontinue use. It is obvious that continued use of the trademark is a misrepresentation to the public of defendant's status as a franchisee of plaintiff corporation. Under these circumstances injunctive relief would seem proper, and it does not appear that the trial court abused its discretion in granting the injunction.

■ Defendant also claims that plaintiff has failed to prove that the marks belonged to it. On cross-examination of plaintiff's witness defendant brought out that the trademark registrations were in the name of Lums, Incorporated, a Florida corporation, as opposed to plaintiff's designation of itself in the instant suit as Lums Restaurant Corporation, a Delaware corporation. This avails defendant nothing. It has recognized plaintiff's title to the trademarks by using them and thus is estopped from disputing plaintiff's title. *Smith v. Dental Products Co.* (7th Cir. 1944), 140 F.2d 140.

■ Defendant's remaining issues may be dealt with briefly. As to the matter of bond, the trial court is vested by statute with discretion. (Ill. Rev. Stat. 1979, ch. 69, par. 9.) Even if the trial court refuses to require bond and that refusal be erroneous, it does not void the order. *Bonner v. Westbound Records, Inc.* (1977), 49 Ill. App. 3d 543, 364 N.E.2d 570.

Defendant's final argument is that the preliminary injunction does not preserve the *status quo ante* but rather disrupts it. While the preservation-of-the-status-quo argument is frequently made in injunctive cases, it is not an ironbound and copper-bottomed rule of law. Its application depends upon the factual situation. Examples are legion wherein an injunctive order destroys an existing situation. Just a few are enjoining the dissemination of defamatory statements, enjoining a repeated trespass, enjoining the collection of a tax. The cases cited above, *viz., Smith, Goodman, Texaco, Inc., Minton,* all hold that the injunctive remedy is proper in the case of a misuse of a trademark.

The circuit court of McLean County did not abuse its discretion in issuing the injunctive order, and its action in so doing is affirmed.

Affirmed.

MILLS and GREEN, JJ., concur.