TERRANCE L. JOHNSON, Plaintiff-Appellee, *v.* GENE'S SUPERMAR-
KET, INC., *et al.*, Defendants-Appellants.

Fourth District   No. 4—82—0806

Opinion filed August 23, 1983.

Jefferson Lewis and Nolan Lipsky, both of Petersburg, for appellants.

Jeffrey B. Levens, of Sturm & Levens, of Springfield, for appellee.

JUSTICE MILLER delivered the opinion of the court:

Plaintiff brought an action for dissolution of defendant corporation, an accounting of the finances of defendant corporation, retaliatory discharge, breach of fiduciary duty, and breach of an employment contract. Prior to an adjudication on the merits, a preliminary injunction issued prohibiting defendants from taking any action indemnifying or reimbursing the individual defendants for their legal expenses in this cause. Defendants have taken an interlocutory appeal to that order.

We modify the injunction.

On July 7, 1982, plaintiff filed a multicount complaint seeking dissolution of defendant corporation, and actual and punitive damages against the corporation and against Roberta Johnson and Bradford Marquardt, both as individuals and corporate directors, for various acts against plaintiff. A motion to dismiss the complaint was denied, but plaintiff was ordered to amend the complaint so as to separately designate each cause of action.

A seven-count amended complaint was filed on November 5, 1982. The factual allegations of each count are basically the same. Plaintiff, Roberta Johnson, and Bradford Marquardt are each one-third owners of the common stock of Gene's Supermarket, Inc. The three of them constitute the corporation's board of directors. Prior to January 28, 1982, plaintiff acted as the corporations' secretary and was employed as "overseer of corporate property and affairs" with a $500 weekly salary, use of a vehicle, and a bonus from corporate profits. Roberta Johnson and Bradford Marquardt were president and vice-president of the corporation, respectively. Beginning on October 10, 1981, board meetings were held and illicit and inaccurate minutes were prepared without plaintiff's knowledge. Plaintiff's employment was unlawfully

terminated and defendants' salaries were raised at these meetings. Roberta Johnson has refused to let plaintiff see financial records, which he as a director and stockholder has a right to inspect. Plaintiff alleged he has thus unlawfully been excluded from effective participation in the corporation's affairs and corporate assets are being wasted. Finally, plaintiff alleged that some of these actions have been taken to gain advantage for Roberta Johnson in a pending dissolution of marriage proceeding between her and plaintiff.

On October 12, 1982, plaintiff filed a petition for a "temporary" injunction. (The trial court treated it as a preliminary injunction, which is the appropriate term under section 11—102 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 11—102).) It alleged that on October 4, 1982, plaintiff received notice of a special meeting of the corporation's stockholders to consider adoption of a resolution which purported to indemnify defendants from "any and all liability and/or expenses" which they might incur in the present proceedings, and finding that they acted in good faith in all their actions upon which these proceedings are based. It also authorized the payment of the individual defendants' legal fees as incurred. Plaintiff requested a preliminary injunction forbidding defendants "from taking any action designed to indemnify and reimburse" Roberta Johnson and Bradford Marquardt until an adjudication on the merits in this cause, and that otherwise, "waste" of corporate assets would occur.

On November 12, 1982, a hearing on the preliminary injunction was held. The parties stipulated that the corporation did in fact mail out the aforementioned notice and resolution. No evidence was presented, and the parties merely presented arguments regarding the application of the Business Corporation Act (Ill. Rev. Stat. 1981, ch. 32, par. 157.1 *et seq.*).

The trial court found that plaintiff had alleged the conditions necessary for the issuance of a preliminary injunction. The defendants were enjoined from taking any action "to indemnify and reimburse Roberta Johnson and Bradford Marquardt for attorney's fees, court costs and any other expenses incurred by them in their defense of this lawsuit." The defendants then filed a notice of interlocutory appeal.

To obtain a preliminary injunction the moving party must show: (1) He possesses a right which needs protection; (2) he has a substantial likelihood of succeeding on the merits; (3) he has no adequate remedy at law; (4) he will suffer irreparable injury without the injunction; and (5) in the absence of preliminary relief, he will incur a greater injury than would be received by the objector if the relief was granted. *Illinois Consolidated Telephone Co. v. Aircall Communica-*

*tions, Inc.* (1981), 101 Ill. App. 3d 767, 770, 428 N.E.2d 747, 750; *Lums Restaurant Corp. v. Bloomington Restaurant Investments, Inc.* (1981), 92 Ill. App. 3d 1143, 1145, 416 N.E.2d 751, 752.

On appeal, defendants contend that plaintiff failed to establish (1) a likelihood of success on the merits, (2) that he had no adequate remedy at law, and (3) that he would suffer immediate and irreparable harm without the preliminary relief.

■ First we dispose of plaintiff's contention that defendants waived these objections by failing to raise them below. Defendants' argument regarding success on the merits centers on the sufficiency of both the underlying complaint and the prayer for the injunction. Since the sufficiency of a complaint may be attacked at any time, defendants' objection thereto was not waived. (See *Biehn v. Tess* (1950), 340 Ill. App. 140, 91 N.E.2d 160; *Curran v. Harris Trust & Savings Bank* (1952), 348 Ill. App. 210, 108 N.E.2d 729.) Also, defendants' attorney argued below that plaintiff had an adequate remedy at law and would not be irreparably harmed because of an undertaking the individual defendants would be required to sign before any funds were dispersed. We conclude that the issues raised on appeal are properly before us.

The individual counts of the underlying complaint seek, in summary, the following remedies:

Count I. Appointment of a receiver, liquidation of the corporation, and an injunction prohibiting the individual defendants from acting for the corporation.

Count II and III. Actual damages from the corporation and punitive damages from the individual defendants for retaliatory discharge.

Count III. An injunction requiring the corporation to rehire plaintiff.

Count IV. An accounting from the individual defendants for all money received by them from the corporation since January 1, 1981, and payment to plaintiff of all sums due him.

Count V. Compensatory and punitive damages from the individual defendants for breach of a fiduciary duty which they, as controlling shareholders, owed plaintiff.

Counts VI and VII. Damages from the corporation for breach of an employment contract and an injunction requiring the corporation to rehire the plaintiff.

Defendants concede that all of plaintiff's well-pleaded facts must be taken as true since an answer to the complaint was not yet filed at the time of the hearing. *Sports Unlimited, Inc. v. Scotch & Sirlion of*

*Woodfield, Inc.* (1978), 58 Ill. App. 3d 579, 374 N.E.2d 916.

■ Defendants first argue that only count II pertains *solely* to the individual defendants in their capacities as officers and directors (count V being based on their status as shareholders), and that count II fails to state a cause of action. Therefore, they conclude that there is no basis on which to grant plaintiff relief and he has not demonstrated the likelihood of success on the merits. Defendants have inexplicably ignored counts I and IV, where relief is being sought against the individual defendants as directors, as well as the corporation. Inasmuch as counts I and IV have no facial defects and the factual allegations must be taken as true, we conclude that plaintiff has demonstrated a likelihood of success on the merits.

■ The most serious issue raised on appeal is whether the plaintiff has an adequate remedy at law and has demonstrated irreparable injury within the context of the statutory provision for corporate indemnification. Indemnification of corporate officers, directors, employees, and agents is provided for in section 42.12 of the Business Corporation Act (Ill. Rev. Stat. 1981, ch. 32, par. 157.42—12). This section is made up of seven paragraphs, which in sum respectively provide:

(a) A corporation may indemnify certain specified parties for third party actions when a requisite standard of conduct is met, whether or not the litigant has been successful on the merits.

(b) A corporation may indemnify certain specified parties for derivative actions when a requisite standard of conduct is met, whether or not the litigant has been successful on the merits.

(c) A corporation *must* indemnify the person referred to in (a) and (b) above under certain circumstances when the litigant has been "successful on the merits or otherwise."

(d) The procedure by which an indemnification under (a) or (b) may be authorized.

(e) The procedure by which a corporation may authorize the advancement of funds for legal expenses upon receipt by the corporation of an undertaking that such expenses will be repaid by the person on whose behalf the funds were expended, unless it shall ultimately be determined that he is entitled to be indemnified.

(f) The statute does not exclude other rights to indemnification.

(g) A corporation may purchase liability insurance for its officers, directors, etc.

Defendants' argument that plaintiff has an adequate remedy of law and has not demonstrated that he will suffer irreparable injury in

the absence of a preliminary injunction is based on the following propositions:

(1) The indemnification procedure that defendants intend to follow is authorized by statute.

(2) The proposed resolution and the statute require that before they receive any funds, the individual defendants sign an undertaking to reimburse the corporation, if it is ultimately found that they are not entitled to be indemnified by the corporation. Thus, if the plaintiff does win on the merits, the corporation can enforce the undertakings.

(3) Paragraph (d) of the indemnification statute, by providing "unless ordered by a court," authorizes a court to determine whether an indemnification is proper, thus triggering the enforcement of the undertakings.

(4) Plaintiff has not alleged that the individual defendants are insolvent, so it must be presumed that they can repay any undertakings which they sign. (See *Goldblatt Brothers, Inc. v. Sixty-Third & Halstead Realty Co.* (1949), 338 Ill. App. 543, 550, 88 N.E.2d 100, 104.)

We come to the same conclusion as the defendants, but because of a confusion in terminology and ambiguity in the statute, the proposed corporate resolution, and the injunction, we find it necessary to allow the injunction to stand with modification. The resolution of the issue requires a close examination of the interrelationship between paragraphs (d) and (e) of the indemnification statute. They provide, in pertinent part:

"(d) Any indemnification under paragraphs (a) and (b) (unless ordered by a court) shall be made by the corporation only as authorized in the specific case, upon a determination that indemnification of the director, officer, employee or agent is proper in the circumstances because he has met the applicable standard of conduct set forth in paragraphs (a) or (b). Such determination shall be made [by disinterested members of the board of directors, independent legal counsel, or stockholders].

(e) Expenses incurred in defending a civil or criminal action, suit or proceeding may be paid by the corporation in advance of the final disposition of such action, suit or proceeding, as authorized by the board of directors in the specific case, upon receipt of an undertaking by or on behalf of the director, officer, employee or agent to repay such amount, unless it shall ultimately be determined that he is entitled to be indemnified by the corporation as authorized in this Section." Ill. Rev. Stat. 1981, ch.

32, pars. 157.42—12(d), (e).

The proposed resolution purports to both indemnify the individual defendants and allow their legal expenses to be paid as incurred. Defendants' argument assumes that even though an indemnification resolution, as provided in paragraph (d), has been passed, the individual defendants would receive no funds without first signing an undertaking as required in paragraph (e). In advancing this argument, defendants have apparently interpreted the statute to (1) allow funds to be advanced under paragraph (e) only if a finding has been made that the litigant has met the standard of conduct required by paragraphs (a) or (b) and (2) even though an indemnification resolution pursuant to paragraph (d) has been adopted, funds may be dispersed prior to some type of resolution of a dispute only if the litigant signs an undertaking as provided in paragraph (e).

We find paragraphs (d) and (e) to be completely independent and procedurally unrelated. There is nothing in the explicit language of the two paragraphs which makes one a precondition to the other. Paragraph (d) involves two steps. First, a determination as to the eligibility under the requisite standard of conduct for indemnification under (a) and (b); and second, an authorization of indemnification which includes a review of the reasonableness of the expenses and the financial ability of the corporation to make the payments. (See *Changes in the Model Business Corporation Act Affecting Indemnification of Corporate Personnel*, 36 Bus. Law. 99, 114 (1980).) We conclude there is no requirement that one being indemnified under paragraph (d) sign an undertaking to reimburse the corporation. Whether in fact either making a determination as to eligibility, or the authorization of the disbursement of funds, is appropriate prior to some degree of resolution of the underlying dispute, we need not and do not resolve at this time.

Paragraph (e) merely states that the board of directors may authorize an advancement of expenses, provided the requisite undertaking is signed by the litigant. Nothing in the paragraph limits the board of directors' discretion. Indeed, there is less need, since, by the terms of the undertaking, any funds which are advanced must be repaid unless it is ultimately determined that the litigant is "entitled" to indemnification. We understand "entitled" to refer to when a litigant *must* be indemnified because he has been "successful" as defined in paragraph (c) or has been permissibly indemnified under (a) or (b).

Our conclusion that advancements of funds under paragraph (e) are not preconditioned by any finding required in paragraph (d) is buttressed by other authority. The Illinois indemnification provision was

copied directly from the Delaware statute (Delaware Code Annotated, Title 8, sec. 145 (1982 cumulative supp.). (Transcription of House proceedings, May 18, 1977, at 58-62.) Section 4A of the Model Business Corporation Act (Model Act) (Sebring, *Recent Legislative Changes in the Law of Indemnification of Directors, Officers and Others*, 23 Bus. Law. 95, 111-13 (1967)) (hereinafter Sebring) provided in subsection (e) that expenses may be paid in advance of a final settlement of the legal dispute "as authorized *in the manner provided in subsection (d)*." (Emphasis added.) (The Delaware Code initially provided "as authorized by the *board of directors* in the manner provided in subsection (d)." (Emphasis added.) (Sebring, at 105.)) The comments and the Code make clear that in the Model Act subsection (e) required that the board make a finding, on the basis of facts available to them, that the necessary standards of conduct for indemnification had been met before advancements could be made. Sebring, at 105.

The Model Act has since been revised because "in many instances it proved unworkable" because of its requirement that a determination be made in advance that a person had met a certain standard of conduct. (*Changes in the Model Business Corporation Act Affecting Indemnification of Corporate Personnel*, 36 Bus. Law. 99, 114 (1980).) The new provisions in the Model Act require a finding that the facts known at the time of the approval of the advancement do not establish that indemnification is impermissible. There is no longer any tie in the Model Act between the sections which were old subsections (d) and (e).

Sometime between its initial adoption of language similar to the Model Act and 1975, Delaware changed its version of the Model Act subsection (e) to read "as authorized by the board of directors in the specific case," thus omitting the link to subsection (d). This was how the Delaware statute read when copied by Illinois.

There are seven States besides Illinois and Delaware which have, or at one time had, adopted the same language: Alaska, Kansas, Maine, Missouri, Oklahoma, (Model Business Corporation Act Annotated sec. 5, at 56 (1973 Supp.); Maryland and Ohio (Model Business Corporation Act Annotated sec. 5, at 90 (1977 Supp.)). Maryland initially adopted the Model Act version. Then in 1976 it adopted the language in the present Illinois and Delaware codes. The Maryland annotated statutes provided this comment:

> "Chapter 567, Acts of 1976, amended §2—418(f) [corresponding to paragraph (e) of the Illinois statute] to simplify the procedure for advances. As amended, the section provides that advances against expenses incurred by a corporate officer may be

made by the corporation, *without any prior determination procedure*, if the corporation receives an undertaking by the officer to repay the advance should it not be ultimately determined that he is entitled to be indemnified. Ultimate indemnification still requires the necessary findings required by §2—418(e) [corresponding to paragraph (d) of the Illinois statute]." (Emphasis added.) Md. Corp. & Ass'ns Code Ann. sec. 2—418, Comment (1982 Supp.).

From the comments to the Model Act and the Maryland annotated statutes, we conclude that the language used in paragraph (e) of the Illinois indemnification statute was adopted in order to avoid the problems of requiring a determination of whether a particular standard of conduct was met before resolution of the dispute. Therefore, there are no statutory preconditions to a board of directors authorizing the advancement of funds under paragraph (e).

■ Finally, we address one other misconstruction of the statute. Defendants argue that the term "unless ordered by a court" found in paragraph (d) empowers a court to prohibit a permissive indemnification. While a court may find grounds to limit indemnification, the authority does not come from paragraph (d). Rather, "unless ordered by a court" merely provides another procedure whereby a litigant may obtain permissive indemnification from a corporation.

■ The disputed injunction prohibits any action "to indemnify and reimburse" the individual defendants' litigation expenses. It is unclear whether the trial court meant to prohibit the advancement of funds for payments of legal expenses as they are incurred. Defendants have argued that because of the undertaking they will be required to sign in order to receive any funds from the corporation, plaintiff has an adequate remedy at law and will not be irreparably harmed if it is ultimately determined that the individual defendants are not to be indemnified. Defendants have not argued that plaintiff would not be irreparably harmed if the individual defendants were to be indemnified under paragraph (d), where no undertaking is required to be signed, nor have they argued they have met the criteria under (a) or (b). Therefore, defendants' objection to the injunction will be met if the injunction is modified so as to allow advancement of funds under paragraph (e) while still prohibiting indemnification under paragraph (d). Because of the peculiar circumstances and conflict of interest involved in the setting of a close corporation, we believe the trial court's preliminary enjoining of indemnification under paragraph (d), until resolution of the underlying dispute, is well founded. Inasmuch as the corporation may immediately enforce the undertaking required

under (e) to retrieve any advanced funds, if the individual defendants are not "successful on the merits or otherwise," plaintiff, through the corporation, has an adequate remedy at law if the individual defendants are ultimately found not to be entitled to indemnification.

The plaintiff only requested an injunction forbidding "indemnification or reimbursement" under (d) and on appeal does not contest the power of the corporation to advance funds, after the signing of the required undertaking, under (e). Therefore, the cause is remanded to the trial court with the instruction that the injunction be modified so as to allow the advancement of legal expenses under paragraph (e), but prohibit indemnification under paragraph (d), as provided in section 42.12 of the Business Corporation Act (Ill. Rev. Stat. 1981, ch. 32, par. 157.42—12), *pendente lite*.

Affirmed as modified. Remanded with directions.

TRAPP and GREEN, JJ., concur.